## STATE ex rel. MITCHELL VS. SMITH.

M. sued S. in ejectment in the circuit court for Milwaukee county, for a part of
two lots in the city of Milwaukee. S. answered that said lots, with divers
other lands, had at different times been conveyed by him to M. and held by
M. as security for an indebtedness of S. to him, which had been fully dis-
charged; and prayed that the several conveyances to M. might be adjudged
to be mortgages, and that M. might be decreed to reconvey to S. the lots de-
scribed in the complaint. On petition of the defendant for a change of the
place of trial, the cause was removed by order of the circuit court, to the county
court of the same county, where the plaintiff moved to strike out as irrelevant
all those parts of the answer which related to conveyances from S. to M. other
than that by which the title to the lots mentioned in the complaint was acquired.
The county court refused to make any order in the cause, except an order
returning it to the circuit court, on the ground that the jurisdiction of said
county court did not extend to causes where the matter in controversy was
of greater value than $20,000, and it appeared from the answer that the value
of the lands embraced in the conveyances mentioned in the answer was greater
than that sum. On an application by M. for a *mandamus* to compel the
county judge to decide the plaintiff's motion to strike out, it was

*Held,* that for the purposes of this proceeding, the allegations of the answer must
be taken to be true.

*Held also,* that the various transactions connected with the several conveyances
of land, as alleged in the answer, appearing to be connected and continuous,
must be regarded as parts of one transaction, and were properly pleaded as
a defense to the action.

*Held also,* that since a final adjudication upon the issues presented by the plead-
ings would require a determination of the true character of transactions in-
volving property of greater value than $20,000, the county court properly re-
fused to assume jurisdiction of the cause.

The sending of the cause to the county court upon the *defendant's* application for
a change of venue, did not effect a discontinuance of his counter-claim, since
it does not appear that his petition indicated to what court the cause should
be sent.

Whether the relief asked by the answer as to other lands than those mentioned
in the complaint, can be granted in this action, and if not, whether the prayer

for that relief should be stricken out on motion in the proper court, are questions not here determined.

The demand in a pleading for relief which cannot be granted in the action, furnishes no ground for striking out the allegations upon which that demand is founded, when they are otherwise pertinent to the case.

An improper demand for relief is not ground of demurrer.

June Term
**1861.**

STATE
v.
SMITH,

APPLICATION for a *Mandamus.*

The county court of Milwaukee county, in an action between *Alexander Mitchell,* plaintiff, and Alanson Sweet and another, defendants, which had been removed to said court from the circuit court for that county, made an order directing said Sweet to show cause why certain portions of his answer in said action should not be stricken out. On the hearing, the county judge declined to make any further order in the cause, but directed that by consent of parties, an order might be made returning the action to the circuit court for Milwaukee county. On the application of said *Mitchell,* this court granted an alternative *mandamus,* requiring the county judge to proceed with and decide said rule to show cause, or make known why, &c. The return of said county judge shows that he had not proceeded with and decided said rule, because it appeared from the complaint and answer in said action that the county court had no jurisdiction thereof. The relator demurred to the return and moved for a peremptory writ. The grounds upon which the county court refused to assume jurisdiction of the cause, will appear from the opinion of this court.

*James S. Brown,* for the relator.

[No argument for the respondent.]

*By the Court,* DIXON, C. J. The transactions detailed in Sweet's answer, which, for the purposes of this proceeding as well of the relator's motion to strike out certain parts of it as irrelevant and redundant, must be taken to be true, are continuous and connected, and not remote or detached from the cause of action set forth by the relator, as is contended by his counsel. The answer expressly avers that each transfer of lands to *Mitchell,* subsequent to the first and including that by which he acquired the title to the lots in question, was, so far as Sweet was interested, made upon the same

December 11

understanding and for the same general purpose as the first, to wit, to be held by him in connection with the other lands, as security for such sums as Sweet might then or thereafter owe to him, with power to sell and convey the same, and apply the proceeds in liquidation of such indebtedness. This is, in effect, the same as if all the lands had been transferred at one time, and it would seem impossible, or at least improper, for the court to separate transactions which the parties, by their acts and agreements, have declared shall go together and be deemed identical. We do not see how it could be done consistently with a fair and proper adjudication of their rights. If A purchases of B two pieces of land and pays for them, taking possession under the contract but having no deed, and B sues him in ejectment for one of them, may he not in defense set up the contract and payment for both, even though the court could not, under the statute, adjudge a conveyance to him of the piece not included in the action? Would he not be bound to set forth his contract and payment for both in order to make his defense complete? And could the court strike out all that portion of his answer which related to the piece not named in the complaint, as irrelevant and redundant? We think not. It seems to us that it would be necessarily and properly alleged. We have illustrated by a case in part supposed by the counsel for the relator, and we think the illustration applicable to the action out of which this proceeding arose. *Mitchell* sued Sweet in ejectment in the circuit court of Milwaukee county, for a part of two lots situated in the city of Milwaukee. Sweet answered that the lots, together with divers other tracts of land which had been conveyed to *Mitchell* at different times, were held by him as security for his (Sweet's) indebtedness, which, by sales made by *Mitchell*, pursuant to the understanding of the parties, and by payments, had been fully discharged ; and prayed that the severall conveyances might be adjudged to be mortgages, and that *Mitchell* might be decreed to convey to him the lots described in the complaint. *Mitchell* moved in the circuit court to strike out as irrelevant all those parts of the answer, as well in the body of it as in the prayer for relief, which rela-

June Term,
1861.

STATE
v.
SMITH.

ted to the lands which were transferred by conveyances other than that by which the title to the lots in question was acquired. Pending the motion, Sweet petitioned the court for an order changing the place of trial, on the ground that the presiding judge was prejudiced against him. The prayer of the petition was granted, and the cause sent to the county court of Milwaukee county, of which the respondent is judge. The motion to strike out was there renewed, when the respondent refused to act, holding that he had no jurisdiction over the matters stated in the answer; and thereupon this proceeding was instituted to compel him to do so. The alleged want of jurisdiction proceeds from the limitation of the powers of that court to actions wherein the value of the property or the amount of money in controversy does not exceed twenty thousand dollars. Laws of 1860, chap. 362, sec. 1. The matters contained in the answer, if they are all to be investigated and passed upon in the action, amount to three or four times that sum. It follows from what has been said, that the allegations in the body of the answer or second defense, cannot be disregarded or stricken out; and the conclusion thence that the county court has no jurisdiction seems very plain. And it is immaterial to this question whether the relief asked by the answer as to the other tracts of land, can be granted in this action or not; for if it cannot, still all the transactions must be gone into and determined, in order to ascertain whether Sweet has a defense and is entitled to the relief which he asks as to the lots for which the suit is brought; and this involves the consideration of matters over which the county court has no control.

It is unnecessary for us to determine here whether the relief asked as to the other lands can be granted in the action, or, if it cannot, whether that part of the answer which demands it should be stricken out on motion. It is certain that the demand for it furnishes no reason for striking out the principal facts stated, when it can be seen that they are otherwise pertinent to the case. The relief or judgment claimed is not a matter which goes to the cause of action or ground of defense, but respects the event merely, and hence is not cause of demurrer. Van Santvoord's Pl., 363.

June Term, It is perhaps enough that objection can be taken to it on the
1861.         trial.

Noonan et al.      Nor is it necessary to enter upon the questions involving
v.
Pomeroy et al. the merits of Sweet's defense.   It is enough that they are
such that if finally held to be valid they would deprive the
county court of power to try them.

Nor need we discuss the question whether, if the action
had originally been brought in the county court, the filing of
Sweet's answer would have taken away its jurisdiction. It is
sufficient that it was commenced in a court having jurisdic-
tion both of the cause of action and of the defense, and that
that court was not authorized to send it to the county court,
it appearing that the matters involved were beyond its juris-
diction.    Laws of 1860, chap. 362, sec. 5.

The position that Sweet procured the change of venue to
the county court, and thereby discontinued his counter-claim,
is not supported by the record.    It appears that he applied
for a change of venue, without indicating to what court the
cause should be sent, and the order sending it to the county
court rather than to the circuit court of some other county,
cannot be regarded as having been made by his procurement
or consent.

It follows that the respondent was right in refusing to act
upon the motion, and that the demurrer to the return to the
alternative writ, and the motion for a peremptory writ, must
both be overruled.