Hiles vs. Johnson and others.

HILES, Respondent, vs. JOHNSON and others, Appellants.

HILES, Respondent, vs. HARMON and others, Appellants.

| 67 | 517 |
| 116 | 48 |
| 116 | 176 |

*November 29 — December 14, 1886.*

*Pleading: Joinder of causes of action: Ejectment.*

To make a complaint multifarious the count which is claimed to be improperly joined must state *facts* constituting a good cause of action. Thus, in ejectment, a mere *prayer* for the cancellation of any title which the defendant may have in the premises does not render the complaint demurrable.

APPEALS from the Circuit Court for *Wood* County.

The case is sufficently stated in the opinion.

For the appellants there was a brief by *Johnson, Rietbrock & Halsey,* and oral argument by *Mr. Johnson.*

*L. P. Powers,* for the respondent.

ORTON, J. These two cases are substantially alike in respect to the questions presented on appeal. The complaints

are first in ejectment, with the usual averments, as against defendants claiming title to the premises, and it is averred "that the defendants claim title to said lands, and an interest therein, and claim to be the owners thereof and the whole thereof; but this plaintiff insists that said claims of the defendants are unlawful, and their pretended title thereto is void and ought to be canceled of record." Following the usual prayer for judgment in ejectment is the following: "And that said defendants' title thereto be adjudged void and canceled of record, and that this plaintiff have such further and other relief as shall be just and equitable." In the second case there is a claim and prayer for damages for waste under sec. 3082, R. S., and prayer for injunction against waste *pendente lite*, and there is a general prayer for relief, but no special prayer for the cancellation of the defendants' title. These complaints were demurred to on the ground that several causes of action had been improperly united in said complaints. The demurrers were overruled, and the defendants have appealed. The contention of the learned counsel of the appellants is that, united with the proper averments in complaints in ejectment, are the proper averments and prayer to quiet the title, or to remove a cloud from the title, of the plaintiff.

It has long been settled by this court that in order to make a complaint multifarious the court which is claimed to be improperly joined must set out a good cause of action. *Bassett v. Warner*, 23 Wis. 673; *Truesdell v. Rhodes*, 26 Wis. 215; *Willard v. Reas*, 26 Wis. 540; *Lee v. Simpson*, 29 Wis. 333. The case of *Leidersdorf v. Second Ward Savings Bank*, 50 Wis. 406, is not in conflict with the above cases. It is held in that case only that *if* the complaint stated *any* cause of action it stated two causes and was therefore demurrable. It was not decided whether the complaint stated any good cause of action.

Does either of these complaints state any good cause of

action, except in ejectment. An improper demand for relief is not ground for demurrer. *State ex rel. Mitchell v. Smith*, 14 Wis. 564. In *Tewksbury v. Schulenberg*, 41 Wis. 584, the complaint set out a good cause of action to recover tolls for passing the defendant's logs over the plaintiff's dam and slides, and demanded judgment in money, and also that it be declared a lien on the logs. On demurrer to the complaint it was held that a demand for a greater or different relief than the averments of the complaint show the plaintiff entitled to is not one of the grounds of demurrer under our statutes. It follows that the mere prayer for judgment for cancellation of any title the defendants may have in the premises is not sufficient to make a cause of action or make the complaint demurrable. To constitute a complaint, there must be "a plain and concise statement of the facts constituting *each* cause of action." Subd. 2, sec. 2646, R. S. These complaints do not state a single fact which would entitle the plaintiff to such relief. (1) The plaintiff is not in possession. (2) No specific claim of the defendants is stated, and there is no averment that they ever relied upon any specific claim or title. No facts are stated to show that there is any cloud on the plaintiff's title to be removed. In short, there are no averments whatever which constitute any second cause of action upon which the prayer for relief, beyond that in ejectment, could be based. I do not understand that the learned counsel of the appellants seriously contend that there are any such averments, but reliance is placed on the law that none are necessary, and that the prayer is sufficient. The demurrers were properly overruled.

*By the Court.*— The order of the circuit court in each case is affirmed.