WALDHEIM, Respondent, vs. BIENENSTOK, Appellant.

*October 19—November 20, 1945.*

For the appellant there was a brief by *Bloodgood & Passmore* and *William E. Burke,* all of Milwaukee, and oral argument by *Mr. Burke.*

For the respondent there was a brief by *B. F. Saltzstein,* and *Maurice Weinstein,* attorneys, and *Howard G. Brown* of counsel, all of Milwaukee, and oral argument by *Mr. Brown.*

WICKHEM, J. The only question upon this appeal is whether plaintiff's complaint states a cause of action. It is conceded that the order declining to restrain the adverse examination is erroneous or correct according to the disposition of this question.

The allegations of the complaint can be summarized as follows: Plaintiff is vice-president and stockholder of Waldheim & Company, Inc., a corporation, located in the city of Milwaukee, hereinafter called the "company." Defendant is his sister, likewise a stockholder in the same company. On or about January 5, 1934, defendant as a beneficiary under the last will of Victor Waldheim, deceased, owned a beneficial interest in one ninth of the outstanding capital stock of the company. On that date plaintiff and defendant entered into an agreement for the purchase by plaintiff of defendant's shares

of stock. By the terms of this agreement, plaintiff was to pay $1,000 down at the time of the agreement and $50 a week until the sum of $4,500 was fully paid, the first payment to be made on January 8, 1934. It was agreed that plaintiff, upon payment of the consideration, was to receive the stock, and plaintiff was designated defendant's attorney to execute all documents necessary to carry the transfer into effect. "Plaintiff paid to defendant" $1,000 down and "thereafter and for a period of seventy (70) weeks, the said defendant *was paid* pursuant to the terms of said agreement . . . at the rate of fifty dollars ($50) per week, or a total of thirty-five hundred dollars ($3,500), which added to the original payment of one thousand dollars ($1,000), was the full consideration set forth in said agreement." This sum was "received, kept and retained by said defendant, Helen W. Bienenstok, in payment of said three hundred thirty-three and one-third shares of the capital stock of said Waldheim & Company, Inc., and in carrying out of the terms of said agreement." At the time the payments were completed the stock was not transferred to plaintiff because the estate of Waldheim (through which the parties took their interest in the corporation) was not closed, and later defendant asserted that the sum of $4,500 paid to her was a loan from the company and not paid on account of the purchase price and that the books of the company so showed it. At or about the same time plaintiff was advised by counsel for the company that the transaction was as defendant represented, and relying on these statements, all the parties concerned joined in issuing three hundred thirty-three and one-third shares of capital stock to defendant.

The second paragraph sets forth the same facts, except that the cause of action there stated sounds in fraudulent misrepresentation.

Defendant's first contention is that plaintiff is disclosed by the complaint to have personally paid no part of the stipulated consideration and that therefore he does not show himself en-

titled to specific performance. A careful study of the complaint discloses that defendant is correct in her interpretation of the complaint. While there is an allegation that plaintiff made the down payment, the complaint as a whole discloses that all of the payments were made by the company. This is indicated by the fact that plaintiff was not certain whether the payments were made as loans or on account of the purchase; that he originally relied upon assertions of the company's counsel that they were in fact loans and that the books so indicated. Had plaintiff made the payments personally he could not have been lulled into security by representations by defendant that these were loans from the company and the books of the company would not have been material. This is not necessarily inconsistent with an allegation that plaintiff made the down payment as that would be a proper allegation if this payment had been made on plaintiff's behalf. Hence, we are forced to conclude that it affirmatively appears from the face of the complaint that the payments on the contract were not made personally by plaintiff. This in itself, however, is not enough to defeat plaintiff's right to specific performance. The fact that payments were made on plaintiff's behalf by a third person does not, standing alone, affect plaintiff's right to specific performance, and defendant is in no position to object that the payments were not made personally by plaintiff. The payments may well have been to discharge a debt owed by payer to plaintiff. In any case, plaintiff is not bound to disclose in the complaint his relations with the payer out of which an obligation may have arisen on the part of the payer to make payments on his behalf.

The complaint sufficiently discloses that the payments were made by the company in execution of the contract and in payment of the purchase price which amounts to an allegation that they were made on plaintiff's behalf. *Spankus v. West,* 222 Wis. 238, 267 N. W. 910, is cited by defendant as authority to the proposition that since plaintiff paid no part of the

consideration he is not entitled to specific performance. This case is clearly distinguishable. There plaintiff and defendant, each owning one half of the capital stock in a corporation, entered into an agreement whereby defendant agreed to transfer his stock to plaintiff as soon as the total salary and dividends paid by the company to defendant had reached a certain sum. This court held that plaintiff had paid none of the consideration and was not entitled to specific performance. There, however, the entire consideration was paid out of earnings that defendant was just as much entitled to as was plaintiff. The case here is quite different. Here, we have simply the disclosure in the complaint that somebody other than plaintiff has paid the purchase price on the latter's behalf.

It may be that there are equities arising out of the peculiar relationships of the parties that may defeat the right to specific performance, but these are not disclosed by the face of the complaint and until they are raised by pleadings it would be idle to speculate upon their possible effect.

What has heretofore been said in this opinion is addressed to the problem of specific performance because the contentions of defendant have been directed to that question. What is said, however, applies with equal force to the sufficiency of the complaint to set forth a cause of action for damages arising from a breach of contract to sell or a cause of action in restitution for a return of the purchase price.

The next contention of defendant is that a contract to sell corporate stock is not specifically enforceable because an award of damages for failure to perform provides an adequate remedy. Defendant has no standing to raise this contention upon a general demurrer to the complaint. Sec. 263.07, Stats., provides that:

"In case of a general demurrer to a complaint, if upon the facts stated . . . plaintiff is entitled to any measure of judicial redress, whether equitable or legal and whether in harmony with the prayer or not, it shall be sufficient for such redress."

In *Milwaukee v. Drew,* 220 Wis. 511, 520, 265 N. W. 683, this court said:

"In testing the sufficiency of a complaint on general demurrer, however, we are not concerned with the theory of the pleader, nor does the fact that the allegations fail to measure up to the theory evidently entertained authorize the conclusion that the demurrer should be sustained. The sole question is whether the complaint states a cause of action, and if one is disclosed by the allegations of the complaint, the demurrer must be overruled.

In *Big Bay Realty Co. v. Rosenberg,* 212 Wis. 33, 248 N. W. 782, this doctrine was applied to a complaint purporting to state a cause of action for specific performance. On the basis of our analysis of the complaint heretofore made, it is evident that the complaint at least states a cause of action for damages for breach of contract to sell. Whether it also states one for restitution need not be determined here. The prayer for relief being of no materiality upon a general demurrer, and the complaint stating facts at least sufficient to support a cause of action for damages, the demurrer was properly overruled.

While the foregoing observations have been directed specifically at the first paragraph of the complaint, we discover nothing in the cause of action set forth in the second paragraph which would change our views as to the propriety of overruling the demurrer to that cause of action or call for a restatement of the principles which appear to us to determine this appeal.

The second cause of action is an attempt to allege the same transaction with emphasis upon the falsity and fraudulent character of defendant's representations and there are, for the purposes of this appeal, no important distinctions between the two counts.

*By the Court.*—Order affirmed.