ESTATE OF MAYER: MAYER (LILLIE), Appellant, v. MAYER (CLEMENT W.) and another, Individually and as Co-executors, Respondents.

*February 4—March 2, 1965.*

For the appellant there were briefs by *Merten, Connell &
Sisolak* and *Walter L. Merten,* all of Milwaukee, and oral
argument by *Walter L. Merten.*

For the respondents there was a brief by *Marth & Marth*
of West Bend, and oral argument by *William. J. Marth.*

BEILFUSS, J.   The first issue for consideration is—Does
the complaint state facts sufficient to constitute a cause
of action?

When a complaint is challenged by demurrer as to its
sufficiency the general rule is that it should be liberally con-
strued and upheld if it expressly or by reasonable inference
states any cause of action.   Secs. 263.07 and 263.27, Stats.
*Gregory III v. Madison Mobile Homes Park* (1964),
24 Wis. (2d) 275, 128 N. W. (2d) 462; *Rogers v.
Oconomowoc* (1962), 16 Wis. (2d) 621, 115 N. W. (2d)
635.

The material allegations of the complaint are, in sub-
stance: Royal P. Mayer died February 8, 1962; the plaintiff
is his widow; his will, dated August 16, 1959, was admitted
to probate in county court for Washington county in March
of 1962; a copy of the will is annexed to the complaint and
made a part thereof; requests were made by plaintiff for a
copy of the inventory on June 5, 1962, and thereafter; a
copy of the inventory and appraisal was received by the plain-
tiff November 28, 1962, and was annexed to the complaint
and made a part thereof; the sole property of the deceased
was of the value of $20,726.32, and the value of the prop-

erty held jointly with his children was $37,836.20; under the terms of the will the plaintiff widow was to receive a life estate in the homestead with the remainder to the children, certain household goods, a right to rent the homestead, and the right to occupy a hunting lodge with the children; the remainder of the estate was to be divided equally between the three children; and as to each of the three children in separate causes of action the deceased fraudulently and secretly did create joint tenancies in his personal property with his children but retained dominion of the funds for the purpose and with the intent of avoiding his obligation and duty of reasonable support of his wife after his death, and that the children knew of his intent and conspired and colluded with him to defeat plaintiff's right to maintenance and support following the death of her husband.

Upon these allegations the plaintiff demands the transfers creating the joint tenancies be set aside and the proceeds be paid into the estate of the deceased.

The point dealing with the allegations of fraud may be summarily disposed of in favor of the plaintiff. While the word "fraudulently" standing alone is a mere conclusion and will not support a cause of action, the allegation that an act was done fraudulently when considered together with other allegations of the complaint that fairly apprise the defendant of the specific acts and conditions may be considered as an allegation of fact. *Laun v. Kipp* (1914), 155 Wis. 347, 145 N. W. 183, takes this liberal view as to the sufficiency of allegations of fraud. In *Sederlund v. Sederlund* (1922), 176 Wis. 627, 634, 187 N. W. 750, this court did hold that a widow may have a cause of action to recover personal property of the husband fraudulently transferred prior to death. (Recovery, however, was denied in that action.)

"Under the statutes of this state the husband is prohibited from incumbering or transferring his homestead without the signature of his wife. The wife also has inchoate

rights of dower. The wife cannot be deprived of such rights by the husband without her consent. As to personal property, however, the situation is radically different. With the exception of the restrictions above referred to, a husband has the absolute right during his lifetime to make absolute disposition of his personal property as he deems fit, the wife having no vested or *quasi*-vested interest in such property. True, under the statutes of our state as they existed at the time of the assignments with respect to the personal property, certain provisions are made for the benefit of a widow which she is authorized to claim, and which she is entitled to, whether the husband dies testate or intestate. She is also entitled, under sub. (6), sec. 3935, Stats., in case of intestacy, to an equal share in the residue of the personal property with a child of the deceased, provided such deceased leaves but one child surviving him, and in all other instances she is entitled to one third of such residue. It is evident that these statutes are designed to enable the widow to obtain, in any event, such share of the estate of the deceased as the legislature deemed reasonable. The statute is a beneficent one and recognizes the rights of a widow resulting from the obligations of marriage.

"Where, therefore, a husband, shortly before his death, purports to transfer all or the greater portion of his property to others, which transfer has a tendency to frustrate the beneficent design of the statute with respect to a wife's distributive share in her husband's personal property, the amount of proof necessary to stamp such a transfer as fraudulent depends in every instance upon the particular facts existing in each case."

Giving the complaint in this action the required liberal construction, we conclude it sufficiently states a cause of action for invasion of the plaintiff's rights.

Although we have concluded that for the purpose of demurrer, under a liberal construction, the plaintiff states facts which constitute an invasion of her rights, does she state facts entitling her to relief? Can any right or remedy in her favor be enforced?

We cannot consider the "wherefore" clause of the complaint to determine whether a cause of action is stated. It forms no part of the complaint. *D'Angelo v. Cornell Paperboard Products Co.* (1963), 19 Wis. (2d) 390, 120 N. W. (2d) 70; *Waldheim v. Bienenstok* (1945), 248 Wis. 37, 20 N. W. (2d) 633; *Spencer Co-operative Live Stock Shipping Asso. v. Schultz* (1932), 209 Wis. 344, 245 N. W. 99; *Whittier v. Atkinson* (1941), 236 Wis. 432, 295 N. W. 781; *Laun v. Kipp, supra; Hiles v. Johnson* (1886), 67 Wis. 517, 30 N. W. 721. Of course, we can consider the wherefore clause to aid us in determining the intention of the pleader. *North Side Loan & Building Society v. Nakielski* (1906), 127 Wis. 539, 106 N. W. 1097.

It is evident that plaintiff seeks to have certain transfers set aside; to have the proceeds so recovered deposited in the estate because the will gives plaintiff an inadequate share of decedent's estate. The only inference permissibly flowing therefrom is that plaintiff has instituted this cause of action so as to recover her statutory share of her husband's estate, *increased* by the amount of money the estate would recover from a setting aside of the transfers of property by the decedent.

Plaintiff argues that we cannot consider future events in determining whether a cause of action is stated. In general, this may be true. But in seeking to find a cause of action for plaintiff we must be permitted to determine what rights of hers she seeks to have enforced.

Viewed this way, we think a fatal omission of fact appears on the face of the complaint. Plaintiff has not pleaded that she elected to take against the will of her deceased husband. This is material so far as her *right of recovery* bears on whether plaintiff has stated a cause of action.

It must not be overlooked that a cause of action to set aside the transfers, *in vacuo,* is meaningless. Somebody must

benefit by such action. Here plaintiff is seeking such a benefit—at least this is the only fair inference to be drawn from the complaint. The consequences of plaintiff's action to set aside these transfers would be to place the assets in the estate. Therefore, our inquiry must be whether plaintiff can benefit by her (possible) right to have such transactions set aside.

The omission to plead the fact of election against the will cannot be supplied by the court. The presumption is that such fact does not exist. *Meyer v. Briggs* (1963), 18 Wis. (2d) 628, 119 N. W. (2d) 354; *Sun Prairie v. Wisconsin Power & Light Co.* (1933), 213 Wis. 277, 251 N. W. 605; *Hoard v. Gilbert* (1931), 205 Wis. 557, 238 N. W. 371. Further, were the election in fact timely filed and appearing in the record, we still could not consider it. A demurrer cannot be aided by facts appearing in the record but which do not appear upon the face of the complaint. *Benedix v. German Ins. Co.* (1890), 78 Wis. 77, 47 N. W. 176.

On the face of the complaint it appears that no election has been made—timely or otherwise. There being no election, the proceeds of recovery would go into the estate and would have to be distributed in accordance with the terms of the will. Under the terms of the will the plaintiff could not benefit thereby. Under the complaint she states no cause of action entitling her to relief, therefore the demurrer must be sustained.

Ordinarily, when a demurrer to a complaint is sustained upon the ground that it does not state facts sufficient to constitute a cause of action, the plaintiff is given the right to plead over. This right is not extended in those cases where it is apparent that no valid cause of action can be stated.

It appears from the complaint that the will was admitted to probate in March of 1962. It conclusively appears from

the record before us that no attempt was made by the plaintiff widow to file her election to take under the laws of descent and distribution until June 5, 1964, when she filed a petition for leave to file her election. (This petition was served on counsel for the executors July 5, 1963.)

Sec. 233.14, Stats., provides:

"WHEN DEEMED TO HAVE ELECTED TO TAKE DEVISE ETC. When a widow shall be entitled to an election under either sections 233.12 and 233.13 she shall be deemed to have elected to take such jointure, devise or other provision unless within one year after the filing of a petition for the appointment of an administrator of the estate or for the probate of the will of her husband she file in the court having jurisdiction of the settlement of his estate notice in writing that she elects to take the provisions made for her by law instead of such jointure, devise or other provision; . . ."

This statute has been construed to be a statute of limitations that extinguishes the widow's right to elect after the expiration of the statutory period.

"Shocking as that is to a high moral sense of right and wrong, it must be admitted that the purpose of the statute (sec. 2172, Stats. 1898) providing that when a widow is put to her election as to whether she will take under the law or the will of her husband, she shall be deemed to have chosen the latter unless she files in the court having jurisdiction of the settlement of the estate, within one year after the filing of the petition for the probate of the will, a notice in writing that she elects to take the former, was to relieve the settlement of estates from the uncertainties that existed at the common law by reason of the equitable doctrine as to the time when a widow must make an election in the circumstances stated, and the binding effect thereof; that it was intended to operate as a statute of limitation, fixing with certainty a time, deemed by legislative wisdom to be reasonable, within which a widow must assert, by an affirmative act as indicated, her intention to take the rights secured to her by law in her husband's estate, or suffer the penalty

of their irretrievable loss. Further, it must be admitted that such statute should be given the same force and effect as any other statute of limitations. There are no two rules governing such statutes. Equity deals the same with one as with another. It must be held, when fully run in a given case, to have absolutely extinguished the right upon which it has operated, and created in those in whose favor it has run a new right of equal dignity, as regards legal and equitable cognizance, with the one displaced by law. *Eingartner v. Illinois S. Co.* 103 Wis. 373. Such being the case, the statute in question must be enforced to its full effect, the same as any other limitation act, regardless of the hardship thereby inflicted in any particular case, unless circumstances exist precluding its being insisted upon under the doctrine of equitable estoppel." *Ludington v. Patton* (1901), 111 Wis. 208, 231, 86 N. W. 571.

Equitable estoppel is not alleged here nor could it be. The inventory and appraisal were not filed within three months, as directed by sec. 312.01, Stats. If the plaintiff relied, to her detriment, upon this failure, it could have been corrected by request or petition for citation by the court by virtue of sec. 312.03 (2). In any event she received a copy of the inventory in November, 1962, and had until March of 1963 to file her election. She did not attempt to file her election until June of 1964.

Under these facts it is clear that plaintiff's right to file a widow's election is extinguished and she is bound by the terms of the will under which a successful action to set aside the joint tenancies would be of no benefit to her. No useful purpose can be accomplished by allowing her to plead over, and the complaint should be dismissed.[1]

The plaintiff contends that the probate division of the county court does not have jurisdiction. Her counsel argues that property in joint tenancy forms no part of the estate,

---

[1] *Miller v. Welworth Theatres* (1956), 272 Wis. 355, 75 N. W. (2d) 286.

*Will of Barnes* (1958), 4 Wis. (2d) 22, 89 N. W. (2d) 807, and hence there is no probate-division jurisdiction. Such a contention overlooks the plain meaning of sec. 253.10 (2) (a), Stats., which confers subject-matter jurisdiction on the probate division where the action or "controversy is incidental to and necessary for the complete administration of the estate."

While it is true that the county and circuit courts have concurrent (and therefore equal) jurisdiction, ch. 253, Stats., indicates the purpose to keep all matters affecting the probate of estates in one court. Thus, sec. 253.03 (2) gives the county court jurisdiction to hear matters incidental to and necessary for the complete administration of estates—regardless of who has possession of the property. Sec. 253.03 (2) changed the rule in *Estate of Nols* (1947), 251 Wis. 90, 28 N. W. (2d) 360, that where the property was in the possession of persons claiming adversely to the estate, the county court did not have jurisdiction. Thus, under the old law the joint-tenancy property here would not be in the hands of the administrators, because legal title passes to the survivor at the moment of death. *Nols* was rendered dead law by ch. 438, sec. 2, Laws of 1949.[2]

Ch. 315, sec. 16, Laws of 1959, created sec. 253.10 (2), Stats., which section was entitled "Probate Jurisdiction." This section also grants a county court, probate division, jurisdiction over matters which are incidental, and necessary, to the complete determination of the administration of estates. By ch. 495, sec. 68, Laws of 1961, sec. 253.10 (2) was renumbered sec. 253.10 (2) (a).

Clearly, the matter of setting aside these joint tenancies and including them in the estate of decedent is a matter

---

[2] Ch. 253 was repealed and re-created by ch. 315, Laws of 1959. Sec. 253.03 was not re-created. However, the principle of concurrent jurisdiction, in general, continues to be reflected in the present ch. 253.

touching upon the incidental and necessary administration of the estate. At the very minimum, the certificate of termination must come from the probate division. So, too, must an appraisal for inheritance taxes. This matter does affect title to property, which title question must be settled before closing the estate. See *Estate of Elsinger* (1961), 12 Wis. (2d) 471, 107 N. W. (2d) 580; *Laabs v. Milwaukee* (1940), 236 Wis. 192, 294 N. W. 1, 294 N. W. (2d) 814; *Ottstadt v. Jardine* (1938), 229 Wis. 85, 281 N. W. 644. It has not been argued or shown that the county court, probate division, cannot afford as complete relief as the circuit court. *Wisdom v. Wisdom* (1914), 155 Wis. 434, 145 N. W. 126. We conclude that the county court of Washington county had jurisdiction to hear and determine this action.

*By the Court.*—Orders affirmed with directions to enter judgment dismissing the complaint.