SCHEELER, Appellant, v. BAHR, Respondent.

*No. 115.   Argued January 9, 1969.—Decided February 4, 1969.*
(Also reported in 164 N. W. 2d 310.)

For the appellant there was a brief by *Harry F. Peck, Jr.*, and *Hayes & Peck*, attorneys, and *Gary A. Gerlach* of counsel, all of Milwaukee, and oral argument by *Harry F. Peck, Jr.*

For the respondent there was a brief by *Jenswold, Studt, Hanson, Clark & Kaufmann* and *Robert R. Studt,* all of Madison, and oral argument by *Robert R. Studt.*

HEFFERNAN, J. The plaintiff correctly asserts that a social guest has the legal status of a licensee when he goes on the property of his host. In Wisconsin the duty owed by the possessor of land to a licensee is a limited one. We have said in *Szafranski v. Radetzky* (1966), 31 Wis. 2d 119, 126, 141 N. W. 2d 902:

". . . that the possessor or occupier of premises may be liable for injuries to the licensee in two situations. The licensor may be liable because the injury was caused by a 'trap' on the premises [citing cases]. He has, however, no obligation to the licensee in regard to dangers that are unknown to him.

"The licensor may, also, be liable for injury to the licensee when the injury is caused by the active negligence of the licensor [citing cases].

". . . A 'trap' arises when the owner fails to disclose to the licensee a known but concealed danger."

In this case the plaintiff asserts the trap doctrine—that he was injured because the defendant failed to warn of a known but concealed danger, *i.e.,* the shallowness of the water, that was known to defendant but, because of the roiled condition of the water, was not apparent to the plaintiff.

On demurrer it is the duty of this court to accept the allegations of the complaint as true. A demurrer to a complaint admits all facts well pleaded, but denies that those facts have the legal consequences asserted by the plaintiff. When this court reviews a trial court's order on demurrer, it is obliged to construe the complaint liberally and to uphold it if it expressly or by reasonable inference states any cause of action. Sec. 263.07, Stats.; sec. 263.27; *Estate of Mayer* (1965), 26 Wis. 2d 671, 677, 133 N. W. 2d 322.

The plaintiff argues that he has alleged all the elements of a trap. To the defendant's assertion that, as an adult person, the plaintiff is charged with the duty of knowing that water depth varies from place to place and must be charged with that knowledge, the plaintiff contends that this is an assertion of the plaintiff's contributory negligence and has nothing to do with the legal determination of whether or not the complaint states a cause of action.

There is a certain plausability to the plaintiff's position, but we cannot agree with it. The water was shallow. It was dangerous for diving and the defendant knew of the danger, but was the hazard a concealed one as contemplated by law? The plaintiff asserts that the danger was concealed because the murkiness of the water prevented a visual gauging of the depth. This assertion, we conclude, is pregnant with the conclusion that the opaqueness of the water was in itself a notice of danger. It appears to this court that the failure to see the bottom of a lake or other body of water constitutes an observable danger. For a nonswimmer, it should serve as a clear warning that he may be venturing into waters beyond his depth. For a diver, it is a signal that the water may be too shallow for safe diving.

This situation is determinative of the duty imposed upon the defendant. "Duty" is defined by Prosser, *Law of Torts* (3d ed.), p. 331, sec. 53, as:

". . . a question of whether the defendant is under any obligation for the benefit of the particular plaintiff . . . .

"A duty, in negligence cases, may be defined as an obligation, to which the law will give recognition and effect, to conform to a particular standard of conduct toward another."

Thus, the first question imposed upon a court is to determine the duty placed upon the defendant by the facts as alleged. The general statement of a licensor's duty, except as to active negligence, is to warn of concealed but

known hazards—traps—but if there is no concealed hazard no duty is imposed upon the licensor to protect the licensee.

Under most circumstances, whether a hazard is concealed or apparent would be for the jury to decide, and an assertion that the hazard is a hidden one would suffice to state a cause of action in the face of a demurrer. In the instant case the plaintiff alleges, however, that the murkiness of the water obscured the view and concealed the hazard of a bottom only three feet below the surface.

This very murkiness upon which the plaintiff relies should signal a danger that should be comprehended by any person, except one of the most tender years.

Even as to a trespassing child, it is doubtful, though we do not decide the point, that the circumstances here would impose a duty upon the defendant. Restatement, 2 *Torts* 2d, p. 203, sec. 339, comment *j*, states in part that:

"There are many dangers, such as those of fire and water, or of falling from a height, which under ordinary conditions may reasonably be expected to be fully understood and appreciated by any child of an age to be allowed at large."

2 Harper and James, *Law of Torts*, p. 1455, sec. 27.5, points out:

"People usually avoid obvious and appreciated dangers, and others may reasonably assume that they will."

Harper and James, *supra*, pp. 1472, 1473, in discussing the duty owed a licensee, says:

"He [the licensor] would not, of course, be negligent . . . if he might reasonably assume that the licensee, knowing he has no right to expect premises to be prepared for his safety, would observe the danger . . . .

"Even where the occupier knows of a danger, he owes the licensee no duty of precaution if the danger is perfectly obvious."

We have in at least two recent cases sustained demurrers to complaints which purported on their face to spell out a cause of action for the negligence of a possessor of property. In *Szep v. Robinson* (1963), 20 Wis. 2d 284, 121 N. W. 2d 753, we held that the failure to warn a teen-aged baby-sitter of the hazards of using an electric stove imposed no liability upon the family that employed her. We said, at page 292:

"Such dangers as are involved in the use of the electric stove would all be apparent to even a sixteen-year-old girl and there could be no duty to instruct."

While the duty of an employer to an employee is one of reasonable care (a higher standard than that imposed upon a licensor), that duty, as we stated in *Szep v. Robinson, supra*, at page 289, quoting with approval Prosser, *Law of Torts* (2d ed.), p. 373, sec. 67, requires as to hazards on the job only the obligation: ". . . to use reasonable care to . . . . c. Warn and instruct the servant as to dangers of which he *might be expected to remain in ignorance*." (Emphasis supplied.)

Even more pertinent to the instant case is *Schilz v. Walter Kassuba, Inc.* (1965), 27 Wis. 2d 390, 134 N. W. 2d 453. In that case, action was brought upon the theory of attractive nuisance. Four pipes extended 12 to 15 inches above the ground, and a ten-year-old child fell from these pipes while playing on them. Mr. Justice THOMAS FAIRCHILD stated, at page 394: "The real question appears to be whether 'four large black pipes . . . can be deemed inherently dangerous to children *even if alleged to be so*." (Emphasis supplied.) The court held at page 397:

". . . that an allegation that the four pipes . . . were inherently dangerous to children is a conclusion, not admitted by demurrer, and that as a matter of law plaintiff must be held to knowledge and appreciation of the obvious risk of falling from the pipes even though the complaint alleged she was unaware of it."

Even though these cases are not licensor-licensee cases, they make it clear that, in those cases where the duty that allegedly devolves upon a possessor of land or other property is the duty to warn of a hazard, the defendant is relieved of that duty if the hazard is obvious or where it is reasonable to assume that it will be understood and appreciated. Under these circumstances, the obligation of the host in regard to "traps" is discharged and he has no duty to the licensee. In the instant case, where the obvious, roiled, and muddy condition of the water made it impossible for a licensee to reasonably estimate the depth of the water, the observation of these conditions constituted notice that a potential hazard existed to one who wished to use the lake at that place for swimming or diving.

We hold, despite the allegation of the complaint that he was unaware of the danger, that as a matter of law the plaintiff must be held to knowledge and appreciation of the risk likely to be encountered by plunging headfirst into the unplumbed depths of the murky lake.

We need not further consider plaintiff's contention that his possible knowledge was merely an element of his own contributory negligence, not vitiating the complaint. In situations which would otherwise place an obligation to warn upon a defendant, the plaintiff's knowledge of circumstances which would give rise to the reasonable belief that he is aware of the hazards relieves the defendant of his duty to the licensee. When this determination has been made, the question of whether the same facts which discharge the defendant's duty also constitute contributory negligence is irrelevant. ". . . the defense [of contributory negligence] is one of the plaintiff's disability, rather than the defendant's innocence." Prosser, *supra,* p. 427, sec. 64.

Since it would appear that no additional facts can be alleged that would cure the deficiencies of the complaint,

the trial court properly ordered the dismissal of the complaint.

*By the Court.*—Order sustaining the demurrer and dismissing the complaint is affirmed.