Richard C. WISNICKY and Patricia Wisnicky, Plaintiffs-Appellants,

v.

FOX HILLS INN & COUNTRY CLUB, INC., a domestic corporation, General Accident Insurance Company, a foreign insurance corporation, the Wausau Insurance Company, a domestic insurance corporation, the Provident Insurance Company, a foreign insurance company, the Mutual of Omaha Corporation, a foreign insurance company, and the Manitowoc Company, a domestic corporation, Defendants-Respondents,

The WISCONSIN LABORERS WELFARE FUND, a domestic corporation, Defendant.

Court of Appeals

*No. 89-1253. Submitted on briefs June 11, 1991.—Decided July 3, 1991.*

(Also reported in 473 N.W.2d 523.)

On behalf of the plaintiffs-appellants, the cause was submitted on the brief of *Wayne R. Peterson* of *Wayne R. Peterson, S.C.* of Green Bay.

On behalf of the defendants-respondents, the cause was submitted on the brief of *John G. Shannon* of *O'Neill, Schimmel, Quirk & Caroll* of Milwaukee.

Before Nettesheim, P.J., Brown and Scott, JJ.

BROWN, J. In *Griebler v. Doughboy Recreational, Inc.,* 160 Wis. 2d 547, 466 N.W.2d 897 (1991), our supreme court held that where a duty of ordinary care is owed, the voluntary confrontation of an open and obvious danger means that the plaintiff's comparative negligence is greater than that of the defendant's as a matter of law. By this decision, we extend *Griebler* to safe place statute claims and affirm the circuit court's summary judgment dismissing the lawsuit.

Richard Wisnicky was seriously injured when he dove into the shallow end of a swimming pool at Fox Hills Inn and Country Club at the close of his company's Christmas party in 1984. The circuit court dismissed his lawsuit against Fox Hills and its insurer on summary judgment.

On December 9, 1984, Wisnicky entered the pool area and from some thirty-five feet away saw bathers who appeared to be standing in water of chest-high depth. Wisnicky asked a bystander where the deep end was, but the bystander did not know. He stated that he also looked for depth markings on the side of the pool, but saw none. Wisnicky then ran to the pool and dove, fully clothed, into water evidently less than three feet deep. He suffered severe cervical injuries.

The Wisnickys commenced this action, claiming that "there was insufficient lighting, insufficient warning signs, and insufficient supervision." The circuit court granted summary judgment for the defendants.

Concerning the Wisnickys' claim based upon the safe place statute, sec. 101.11, Stats., the circuit court stated that

> the person taking a running jump is not in a position to make a right decision or choice based on warnings such as something indicated on the side wall of the pool[,] contrasting colors, more light, posted warnings. This Court cannot see, given the facts of this case, how any of those even if they existed would have, given the Plaintiff's conduct, prevented this accident.

The Wisnickys appeal.

Very recently, the *Griebler* court reaffirmed and clarified the "open and obvious danger" doctrine in diving cases. *Griebler*, 160 Wis. 2d at 557–59, 466 N.W.2d at 901–02. In so doing, the court relied in large part upon *Scheeler v. Bahr*, 41 Wis. 2d 473, 164 N.W.2d 310 (1969), and *Davenport v. Gillmore*, 146 Wis. 2d 498, 431 N.W.2d 701 (Ct. App. 1988), and concluded that "[u]nder *Scheeler* and *Davenport*, Griebler cannot recover for his injuries because he confronted an open and obvious danger by diving headfirst into a pool of unknown depth." *Griebler*, 160 Wis. 2d at 559, 466 N.W.2d at 902.

Neither *Griebler* nor the cases it relies upon, however, involved the safe place statute. The leading diving case concerning that statute appears to be *Gould v. Allstar Ins. Co.*, 59 Wis. 2d 355, 208 N.W.2d 388 (1973). There, the supreme court carefully distinguished *Scheeler* because *Scheeler* did not implicate the safe

place statute. *Id.* at 364, 208 N.W.2d at 392–93. In distinguishing *Scheeler,* the court relied upon *Umnus v. Wisconsin Pub. Serv. Corp.,* 260 Wis. 433, 436, 51 N.W.2d 42, 44 (1952), where it held that the safe place statute does not distinguish between obvious and hidden dangers. *Gould,* 59 Wis. 2d at 364, 208 N.W.2d at 392.

As *Griebler* makes clear, a " 'running dive into mid-thigh opaque water [of unknown depth] presents a danger so open and obvious that [the defendant] is absolved of any attendant duty of ordinary care.' " *Griebler,* 160 Wis. 2d at 559, 466 N.W.2d at 902 (*quoting Davenport,* 146 Wis. 2d at 508, 431 N.W.2d at 706). However, the safe place statute "imposes a duty more stringent than the duty of ordinary care." *Topp v. Continental Ins. Co.,* 83 Wis. 2d 780, 788, 266 N.W.2d 397, 402 (1978). The question, then, is a natural extension of the rule in *Griebler:* Does a plaintiff's voluntary confrontation of an open and obvious danger absolve a defendant of its higher duty under the safe place statute? While *Griebler* does not expressly address the statute, the vigor of its reaffirmation of the open and obvious danger rule suggests, at least, that the rule might apply to a higher standard of care as well. We asked the supreme court to clarify and resolve this question, but the supreme court denied our certification. We resolve it here.

Although the open and obvious danger doctrine normally concerns a plaintiff's negligence compared to a defendant's ordinary duty of care, this is not to suggest that a plaintiff's negligent conduct cannot also be greater, as a matter of law, when compared with a defendant's higher standard of care, such as occurs in safe place cases. This much is evident from reading the supreme court's decision in *Gould.* There, the court stated that the open and obvious danger doctrine is relevant to safe place cases in "respect to the plaintiff's

obligation to use reasonable care for his own safety." *Gould,* 59 Wis. 2d at 364, 208 N.W.2d at 393. Thus, the question is not whether we *may* hold the plaintiff's negligence to be greater than a defendant's in a safe place case as a matter of law, but whether we *will* so hold.

As to this question, we determine that *Griebler* is instructive. The court wrote that the open and obvious danger defense applies where the condition and the risk would be recognized by a reasonable person in the position of the plaintiff. *Griebler,* 160 Wis. 2d at 558, 466 N.W.2d at 901. The court wrote that "[i]n diving cases such as *Scheeler, Davenport,* and the case at bar, the condition is water of unknown depth. The risk is that the person diving will hit the bottom." *Id.* Griebler's behavior was deemed by the court to be "unreasonable" because Griebler admitted that he dove headfirst into the pool even though he did not know its depth. *See id.* at 559-60, 466 N.W.2d at 902. The court also said, "[T]he expectations of ordinary or average consumers do not make a product unreasonably dangerous and defective if their expectations are unreasonable." *Id.* at 561, 466 N.W.2d at 902.[1]

From these passages, we have no hesitation in applying the open and obvious danger rule in diving cases to safe place claims. The product, in this case, is the pool. There is a safe place duty to keep the pool in a condition so as to adequately protect customers from injury. That duty is overcome, however, whenever a person unreasonably decides to dive into a pool with water of unknown depth. The expectation that the pool will be

---

[1]While we recognize that this particular sentence most likely speaks to product liability law, there is still an apt analogy to be made regarding safe place law.

of sufficient depth everywhere is unreasonable under any standard of care.

We find support for our position in a footnote to a previous case of this court. In *Colip v. Travelers Ins. Co.,* 141 Wis. 2d 363, 415 N.W.2d 525 (Ct. App. 1987), which involved a diving accident at a quarry, we implied that the open and obvious danger rule does indeed apply to the higher standard of the safe place statute as well as to the duty of ordinary care:

> Central National also raised issues with regard to the negligence *per se,* attractive nuisance, and Safe Place Statute claims. In addition, Wing raised the issues of whether Michael Colip was owed any duty of care and whether sec. 29.68, Stats. (1981–82), the "berry-picking statute," bars the negligence claim. Our application of the open and obvious danger rule to the facts fully resolves the dispute, making consideration of these remaining issues unnecessary; therefore, we will not consider them.

*Id.* at 365 n.1, 415 N.W.2d at 526 (citation omitted).

We extend *Griebler* so that it applies to safe place cases. We therefore affirm the circuit court's summary judgment against the plaintiffs because their negligence claim is clearly rebuffed by *Griebler* and their safe place claim is rejected for the reasons we have stated.

*By the Court.*—Order affirmed.