Shane M. Heimerl, Plaintiff-Appellant,
Humana Employers Health, Involuntary-Plaintiff,
v.
Waverly Beach, Inc. and Society Insurance, Defendants-Respondents.
No. 03-0820.
Court of Appeals of Wisconsin.
Opinion Filed: April 28, 2004.
Before Anderson, P.J., Brown and Nettesheim, JJ.
¶ 1 PER CURIAM.
Shane M. Heimerl appeals from a judgment dismissing his complaint against the respondents, Waverly Beach, Inc., and its insurer, Society Insurance. Heimerl sought damages for injuries suffered when he dove into Lake Winnebago from a dock belonging to Waverly Beach, which operates a bar and restaurant on the lakeshore. The trial court granted summary judgment dismissing the complaint. We affirm the portion of the judgment dismissing Heimerl's claims for damages based on negligence and the safe-place statute. In doing so, we rely on a long line of Wisconsin cases holding that a person who is injured after diving into water of unknown depth cannot recover based on negligence or a violation of the safe-place statute. We also affirm the portion of the judgment dismissing Heimerl's claim against Society for bad faith. However, we reverse the portion of the judgment dismissing Heimerl's claim against Society for medical expenses under the policy issued by Society to Waverly Beach.
¶ 2 We review a trial court's grant or denial of summary judgment de novo. Waters v. United States Fid. & Guar. Co., 124 Wis. 2d 275, 278, 369 N.W.2d 755 (Ct. App. 1985). "[S]ummary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." M&I First Nat'l Bank v. Episcopal Homes Mgmt., Inc., 195 Wis. 2d 485, 497, 536 N.W.2d 175 (Ct. App. 1995). We will reverse a decision granting summary judgment if the trial court incorrectly decided legal issues or material facts are in dispute. Coopman v. State Farm Fire & Cas. Co., 179 Wis. 2d 548, 555, 508 N.W.2d 610 (Ct. App. 1993). In our review, we, like the trial court, are prohibited from deciding issues of fact; our inquiry is limited to determining whether a material factual issue exists. Id. Any reasonable doubt as to the existence of a factual issue must be resolved against the moving party. Maynard v. Port Publications, Inc., 98 Wis. 2d 555, 563, 297 N.W.2d 500 (1980).
¶ 3 Although the parties dispute many facts, the material facts related to Heimerl's claims are undisputed. Heimerl is an adult who suffered severe injuries when he dove from the end of the Waverly Beach dock into water that was only two or two and one-half feet deep. It is undisputed that Heimerl made the dive after spending the evening drinking alcohol and playing pool at the Waverly Beach bar. The pool games involved various types of bets, including an agreement that the losers of the last game would go outside and get wet in Lake Winnebago. When Heimerl and his friend lost that game, Heimerl's friend jumped off the end of the dock into the water. Heimerl ran down the dock and dove from the end into the water without first ascertaining its depth.
¶ 4 Heimerl contends that factual issues exist for trial. He contends that Waverly Beach and its employees engaged in conduct which led him to reasonably believe that the water was about six feet deep at the end of the dock, and therefore deep enough for diving. In support of this argument, he notes that Waverly Beach operated a business where "part of the draw [was] the water," and constructed a dock which extended into Lake Winnebago for nearly one hundred feet. Heimerl contends that he could reasonably conclude that the water at the end of the dock was deep enough for diving because of the dock's length, because the dock included tires or buoys for docking boats, and because he observed boaters using the dock, and boats in the water between the end of the dock and the shore. He contends that Waverly Beach knew that the water at the end of the dock was shallow, but provided no signs prohibiting diving or warning of shallow water. He contends that in the past, he and other patrons have observed people jumping off the dock and swimming in the water in front of the bar. In addition, he relies on deposition testimony indicating that two Waverly Beach bartenders knew that Heimerl and his friend were intending to enter the water after losing their bet, and opened the door to grant them access to the dock. In his deposition, Heimerl contended that the bartenders walked with him to the dock, and watched him undress and run down the dock, but failed to warn him that the water was shallow even after he stated that he was going to dive. Heimerl contends that Waverly Beach therefore created a hazard, led him to believe that he could safely dive from the end of the dock, and should have anticipated the harm and warned him when he told the bartenders that he was going to dive into the water. He contends that under the circumstances, the issue of whether Waverly Beach was negligent and whether its negligence exceeded his own are factual issues to be resolved at trial.
¶ 5 Heimerl's claims fail based on well-established case law. Although he contends that he reasonably believed that the water was deep enough to permit him to dive, it is undisputed that he did not know the water's depth or ascertain its actual depth before diving.
¶ 6 A landowner is not liable for negligence in failing to warn a plaintiff of shallow water when the danger is open and obvious. See Davenport v. Gillmore, 146 Wis. 2d 498, 507, 431 N.W.2d 701 (Ct. App. 1988). A plaintiff who dives headfirst into water of unknown depth cannot recover for his injuries because he has confronted an open and obvious danger as a matter of law. Griebler v. Doughboy Recreational, Inc., 160 Wis. 2d 547, 559-60, 466 N.W.2d 897 (1991). The failure to see the bottom of a lake or other body of water constitutes an observable danger and, for a diver, is a signal that the water may be too shallow for safe diving. Scheeler v. Bahr, 41 Wis. 2d 473, 477, 164 N.W.2d 310 (1969). As a matter of law, a plaintiff "must be held to knowledge and appreciation of the risk likely to be encountered by plunging head first into the unplumbed depths of [a] murky lake." Id. at 480.
¶ 7 Like Hiemerl, the plaintiff in Scheeler contended that he did not anticipate the shallowness of the water because the pier was long. Id. at 475. He also contended that the defendant, who was standing on the pier with him when he announced that he was going into the water, knew of the shallowness of the water and the danger to a person who dove off the pier. Id. The plaintiff further alleged that he could not ascertain how deep the water was because it was murky and the bottom was obscured, no warning signs were posted, and he was not advised that the water was too shallow for diving. Id. The court, however, held that the defendant had no duty to warn the plaintiff of the hazard arising from the shallow water because the plaintiff should have been aware of the risk of diving into water of an unknown depth. Id. at 480.
¶ 8 The holding in Scheeler was reaffirmed in Griebler. Griebler, 160 Wis. 2d at 561-62. In Griebler, the supreme court also noted that whether the plaintiff thought the water was deep enough to dive safely was immaterial when he admitted that he did not know the depth of the water into which he dove. Id. at 552 n.2. Based upon these holdings, Heimerl's allegation that he believed the water was deep enough for him to dive does not obviate the conclusion that he confronted an open and obvious danger when he dove from the end of the dock without ascertaining the depth of the water.[1] His negligence claim was therefore properly dismissed on summary judgment.
¶ 9 Heimerl's claim that Waverly Beach violated the safe-place statute was also properly dismissed. In Wisnicky v. Fox Hills Inn and County Club, Inc., 163 Wis. 2d 1023, 1024, 473 N.W.2d 523 (Ct. App. 1991), this court extended the Griebler holding to safe-place statute claims, holding that the voluntary confrontation of an open and obvious danger means that the plaintiff's comparative negligence is greater than that of the defendant's as a matter of law. This court held that the safe-place duty is overcome when a person unreasonably decides to dive into water of unknown depth. Wisnicky, 163 Wis. 2d at 1027. We relied on the Griebler court's determination that a plaintiff acts unreasonably when he dives into water without knowing its depth. See Wisnicky, 163 Wis. 2d at 1027.
¶ 10 Heimerl does not allege that he was told by an employee of Waverly Beach that it was safe to dive, or that the water at the end of the dock was six feet deep. In effect, Heimerl argues that he reasonably assumed that the water was deep enough to permit a dive. However, it is unreasonable as a matter of law to dive headfirst into water without knowing its depth. Griebler, 160 Wis. 2d at 561. Heimerl did not know the water's depth, and did not ascertain it before he dove. The danger of diving into water of unknown depth is open and obvious. Because Heimerl dove into the water without first ascertaining that it was deep enough to dive, his negligence claim and his claim that Waverly Beach violated the safeplace statute were properly dismissed on summary judgment.
¶ 11 In his complaint, Heimerl also set forth what he denominated "THIRD CLAIM FOR RELIEF-BAD FAITH." Within that claim, he alleged that Society had a first party relationship with him concerning medical expense benefits. He also alleged that Society owed him a duty of good faith and breached that duty, engaging in bad faith in dealing with his claim for medical expense benefits under the policy issued by Society to Waverly Beach. His complaint thus alleged that Society owed him medical expense payments and acted in bad faith in failing to pay them or to settle his claims.
¶ 12 On appeal, Heimerl addresses these claims separately, arguing that he is entitled to payment of medical expenses under the insurance policy issued by Society to Waverly Beach, and that the trial court erred in dismissing that claim. He also argues that he is entitled to maintain a bad faith cause of action against Society in tort based upon Society's refusal to pay medical expenses under the policy.
¶ 13 The trial court dismissed Heimerl's claims on the ground that Society's only contractual obligation was to its policyholder, Waverly Beach. It concluded that Society had no contractual obligation to pay Heimerl's medical expenses.
¶ 14 On appeal, Waverly Beach and Society argue that Heimerl waived these arguments by failing to raise them at the summary judgment hearing and in his brief in opposition to summary judgment. We disagree as to the claim for medical expense payments. At the summary judgment hearing, Heimerl clearly contended that he was entitled to recover from Society under the medical expenses provision of the policy. Heimerl's counsel argued:
If I might ... deal with the "med pay" issue at the outset, I don't dispute that there is no case law in the State of Wisconsin on whether or not a claim, by an individual injured on the premises, for medical pay expenses, is a first-party claim or a third-party claim. The insurance company in this case argues that it's a third-party claim, and they cite law suggesting that it is an issue of "first impression." But that is not an issue that has to be decided here.
I would only point out that the motion for summary judgment by the insurance company, on the medical pay issue, deals strictly on a bad-faith claim, and that an underlying claim for medical pay benefits of $5000 remains. That is a contractual issue that the plaintiff preserves against the defendant here, in addition to the statutory interest which goes along with the $5000.
While acknowledging that Heimerl had no contract with Society, Heimerl's counsel stated:
The contractual provision, however, provides that if one is injured on the premises, there is $5000 of "med pay" coverage available to that individual. That payment has not been made. It is outstanding, in addition to any statutory interest that would go along with it.
¶ 15 Heimerl thus preserved his argument that Society owed him $5000 for medical expenses, plus statutory interest. That claim derives from Section A, subsection 2 of the BUSINESSOWNERS LIABILITY COVERAGE FORM in the policy issued by Society to Waverly Beach. It is captioned "Medical Expenses" and provides:
a. We will pay medical expenses as described below for "bodily injury" caused by an accident:
(1) On premises you own or rent;
(2) On ways next to premises you own or rent; or
(3) Because of your operations;
...
b. We will make these payments regardless of fault.
The Declarations page of the policy states that the limit of insurance for medical expenses under this provision is $5000 per person.
¶ 16 The dismissal of Heimerl's claims for damages based on negligence and a violation of the safe-place statute did not compel dismissal of his claim for medical expenses. Under the policy issued by Society to Waverly Beach, payment of the negligence and safe-place statute claims was conditioned upon Waverly Beach's liability. In contrast, the policy provided for medical expense payments for bodily injury caused by an accident on the Waverly Beach premises regardless of fault. Payments made under medical expense provisions like this are completely independent of liability on the part of the insured. See Gurney v. Heritage Mut. Ins. Co., 188 Wis. 2d 68, 74 n.3, 523 N.W.2d 193 (Ct. App. 1994).
¶ 17 When an insurer agrees to pay medical expenses for bodily injury caused by an accident on the premises of its insured, the injured person may sue the insurer directly to recover those expenses. See Severson v. Milwaukee Auto. Ins. Co., 265 Wis. 488, 494-95, 61 N.W.2d 872 (1953).[2] Heimerl was thus entitled to sue Society directly for medical expense payments, and his claim for these payments was not properly dismissed on summary judgment. We therefore reverse that portion of the judgment and remand the matter for further proceedings on this claim.
¶ 18 Although we reverse the portion of the judgment dismissing Heimerl's claim for medical expense payments, we affirm the portion of the judgment dismissing his bad faith claim. In support of its motion for summary judgment, Society argued that an insurer's duty of good faith and fair dealing runs only to its insured, and that a claimant who is not a party to the insurance contract cannot maintain a cause of action in bad faith against the insurer for failing to settle a claim. It primarily relied on Kranzush v. Badger State Mut. Cas. Co., 103 Wis. 2d 56, 73-74, 307 N.W.2d 256 (1981), for this contention.
¶ 19 Heimerl did not respond to this argument or to Society's request for dismissal of the bad faith claim in his brief in opposition to summary judgment. In addition, he failed to argue in opposition to this portion of the motion at the summary judgment hearing.[3] This court will not consider an argument raised for the first time on appeal. In re C.A.K., 154 Wis. 2d 612, 624, 453 N.W.2d 897 (1990). Because Heimerl failed to make any argument in opposition to the dismissal of his bad faith claim in the trial court, he waived his right to argue on appeal that the trial court erred in dismissing that claim.
By the Court.  Judgment affirmed in part; reversed in part and cause remanded.
NOTES
[1] Heimerl contends that an exception to the open and obvious danger defense exists because Waverly Beach, through its bartenders, knew that he was going to dive into the water and should have tried to stop him. In support of this argument, he relies on RESTATEMENT (SECOND) OF TORTS § 343A(1)(1965), which provides that a possessor of land is not liable for physical harm to invitees caused "by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." He contends that the exception applies because the bartenders should have anticipated the harm to him. However, Wisconsin law limits the application of this exception to situations where the injured person was somehow distracted or was unable to avoid the danger. Colip v. Travelers Ins. Co., 141 Wis. 2d 363, 368, 415 N.W.2d 525 (Ct. App. 1987). These circumstances do not exist here.
[2] Although Society argues that the policy extended coverage only to its insured, Waverly Beach, for medical expenses caused by an accident on the Waverly Beach premises, it provides no support for this argument, other than to cite to the declarations page of the policy identifying Waverly Beach as the insured. Moreover, its argument is inconsistent with the exclusions set forth in Section B, subsection 2 of the BUSINESSOWNERS LIABILITY COVERAGE FORM, which is captioned "Applicable to Medical Expenses Coverage" and provides: "We will not pay expenses for `bodily injury': a. To any insured." This argument also fails to recognize the difference between liability coverage and medical expense provisions. See Gurney v. Heritage Mut. Ins. Co., 188 Wis. 2d 68, 74, 523 N.W.2d 193 (Ct. App. 1994).
[3] In discussing the medical expense issue at the summary judgment hearing, Heimerl's counsel stated that "[t]he insurance company in this case argues that it's a third-party claim, and they cite law suggesting that it is an issue of `first impression.'" Even if he intended this comment to apply to the motion to dismiss his bad faith claim, he made no argument concerning it, and went so far as to say that it was "not an issue that has to be decided here." By failing to raise any argument in opposition to Society's motion for summary judgment dismissing the bad faith claim, Heimerl waived his right to do so.