Michael COLIP, James Townsend and Karen Townsend, Plaintiffs,

v.

The TRAVELERS INSURANCE COMPANY, a foreign corporation, Manley Bros. of Indiana, Inc., a foreign corporation, and Lyle T. Manley Company, a foreign corporation, Defendants,

CENTRAL NATIONAL INSURANCE COMPANY OF OMAHA, a foreign corporation, Defendant-Appellant,

COMMERCIAL UNION INSURANCE COMPANY, a foreign corporation, and Martha Wing, Defendants-Respondents,

The PRUDENTIAL INSURANCE COMPANY OF AMERICA, a foreign corporation, and Blue Cross & Blue Shield of Wisconsin, a domestic corporation, Subrogees.†

Court of Appeals

*No. 86–1116. Submitted on briefs June 11, 1987.—Decided August 13, 1987.*

(Also reported in 415 N.W.2d 525.)

† Petition to review pending. This petition was not decided at the time the volume went to press. Its disposition will be reported in a later volume.

For the defendant-appellant the cause was submitted on the briefs of *J. Ric Gass* and *Michael J. Hicks* and *Kasdorf, Lewis & Swietlik, S.C.,* of Milwaukee.

For the defendants-respondents the cause was submitted on the brief of *Ronald L. Piette* and *Mark S. Nelson* and *Piette, Knoll & Nelson, S.C.,* of Milwaukee.

Before Gartzke, P.J., Dykman and Eich, JJ.

EICH, J.   Central National Insurance Company of Omaha appeals from a summary judgment dismissing its cross-claim for contribution against Martha Wing and her insurer, the Commercial Union Insurance Company. The plaintiff, Michael Colip, was injured while swimming at a quarry in Rock County. Wing is the owner of a parcel of land abutting the quarry pond in the area where the injury occurred. Colip sued Wing and Manley Brothers of Indiana, Inc., the lessee of Wing's property. Manley's insurer, Cen-

tral National, settled with Colip and seeks contribution from Wing and Commercial Union.

We see the dispositive issue as whether, as a matter of law, Wing is absolved from liability because of the open and obvious nature of the hazard causing Colip's injury. We answer the question in the affirmative and affirm the judgment.[1]

In summary judgment cases, we employ the same analysis as the trial court. *In re Cherokee Park Plat,* 113 Wis. 2d 112, 115–16, 334 N.W.2d 580, 582–83 (Ct. App. 1983). The parties pleadings raise and join the issue of Wing's liability and the affidavits present both a *prima facie* case for recovery and a defense. Because the material facts are not in dispute, summary judgment is an appropriate means of resolving the legal issues.

Colip was injured when he dove into the pond from a cliff and struck his head on a sandbar beneath the water's surface. The trial court ruled that because the hazard causing the injury was an "open and obvious danger," Wing, as owner of the adjoining land, owed no duty to protect Colip from the hazard and therefore could not be held liable for his injuries. The question is one of law, which we review *de novo. Green Scapular Crusade v. Town of Palmyra,* 118 Wis. 2d 135, 138, 345 N.W.2d 523, 525–26 (Ct. App. 1984).

---

[1]Central National also raised issues with regard to the negligence *per se,* attractive nuisance, and Safe Place Statute claims. In addition, Wing raised the issues of whether Michael Colip was owed any duty of care and whether sec. 29.68, Stats. (1981–82), the "berry-picking statute," bars the negligence claim. Our application of the open and obvious danger rule to the facts fully resolves the dispute, making consideration of these remaining issues unnecessary; therefore, we will not consider them. *Gross v. Hoffman,* 227 Wis. 296, 300, 277 N.W. 663, 665 (1938).

In *Waters v. U.S. Fidelity & Guaranty Co.,* 124 Wis. 2d 275, 281, 369 N.W.2d 755, 758 (Ct. App. 1985), we recognized that "there is no obligation to protect the [plaintiff] against dangers which are known to him [or her], or which are so obvious and apparent ... that he [or she] may reasonably be expected to discover them," citing W. Prosser, *The Law of Torts,* sec. 61 at 394 (4th ed. 1971) (footnotes omitted). Manley does not dispute the rule. Rather, it argues that summary judgment is inappropriate because: (1) there is an issue of fact as to "whether the hazard that injured Michael Colip was open and obvious"; and (2) even if there were no factual dispute, we cannot find Wing not negligent as a matter of law unless we are prepared to say that, on those facts, no properly instructed jury could find that the hazard was not open and obvious. We disagree.

On the day of the accident, Colip was swimming with four companions, and their depositions comprised the record on which the trial court decided the motion. We consider Colip's testimony to be crucial. He stated that the water in the pond was clear on the day of the accident. While preparing to dive from a cliff some thirteen to fifteen feet above the water's surface, he could see a "sandy ledge" jutting out into the water from the base of the cliff. In addition, he was aware of the existence and location of the sandbar from having swum in the area earlier in the day and on the day before. He acknowledged that he knew he "had to dive far enough out to miss the sand bottom."

Three of Colip's companions also stated that the sandbar was "visible" and "obvious," and that they knew they had to "clear" it each time they jumped or dove from the cliff. Manley argues that there is a factual dispute because the fourth boy—the only one

of the five who did not jump or dive into the pond that day—stated that he did not see the bar. The crucial material fact, however, is that Colip himself was well aware of the existence of the sandbar and the hazard it presented—and aware of the need to dive far enough out to miss it—before he dove. That fact is clear from Colip's own testimony and from that of the three other boys who dove from the cliff on the day in question. That a fifth boy, who did not dive or jump from the cliff, could not say he saw the bar does not, in our opinion, create a material factual dispute requiring trial.[2]

As we have said, where, as here, liability is premised on the condition of the property, the rule is that the landowner "is not liable to ... invitees for physical harm caused to them by any ... condition on the land whose danger is known or obvious to them ...." *Restatement (Second) of Torts,* sec. 343A(1). The basis for the rule is that

> [i]n the ordinary case, an invitee who enters land is entitled to nothing more than knowledge of the conditions and dangers he will encounter if he comes. If he knows the actual conditions, and the activities carried on, and the dangers involved in either, he is free to make an intelligent choice as to whether the advantage to be gained is sufficient to justify him in incurring the risk by entering or remaining on the land. *Id.,* Comment e.

---

[2] We recognize that summary judgment generally "does not lend itself well to negligence questions" and should be granted in negligence actions "only in rare cases." *Ceplina v. South Milwaukee School Board,* 73 Wis. 2d 338, 342–43, 243 N.W.2d 183, 185 (1976). Given Colip's testimony as to his knowledge of the existence and location of the sandbar prior to his dive, we consider this to be such a case.

Colip unequivocally acknowledged that he, like the other swimmers, was aware of the sandbar. He saw it before he dived from the cliff and knew that his dive would have to carry him beyond the bar into the open water. Knowing this, he nonetheless chose to dive headfirst into the pond from a height of thirteen to fifteen feet. On these undisputed facts, Wing cannot, as a matter of law, be held responsible for Colip's injuries. As a result, Manley can have no contribution from her, for the right to contribution exists only between "joint negligent wrongdoers ... [with] common liability because of such negligence to the same person ...." *Fidelity & Deposit Co. v. Verzal,* 121 Wis. 2d 517, 524, 361 N.W.2d 290, 293 (Ct. App. 1984).

Finally, Manley suggests that a question of fact exists with respect to the "exception" to the open and obvious danger rule. The exception is found in the *Restatement* version of the rule, which states that the landowner is not liable for injuries caused by a dangerous condition which is known or obvious to the plaintiff "unless the [owner] should anticipate the harm despite such knowledge or obviousness." *Restatement (Second) of Torts,* sec. 343A(1). Manley argues that there is an issue of fact as to whether Wing should have anticipated Colip's injuries.

In Wisconsin, however, the exception is recognized only: (1) where the injured person was somehow distracted, *Waters,* 124 Wis. 2d at 283, 369 N.W.2d at 759; and (2) where the injured person was unable to avoid the danger, *Maci v. State Farm Fire & Casualty Co.,* 105 Wis. 2d 710, 717, 314 N.W.2d 914, 918–19 (Ct. App. 1981). The proofs in this case do not state any facts, or lead to any factual inferences, which would suggest the existence of either circumstance.

368

We conclude, therefore, that the trial court correctly entered summary judgment dismissing Manley's cross-claim for contribution.

*By the Court.*—Judgment affirmed.