Mary C. BRUEGGEMAN, Leonard E. Brueggeman, and Rose E. Brueggeman, Plaintiffs-Appellants,

v.

CONTINENTAL CASUALTY COMPANY, and Riverview Boat Lines, Defendants-Respondents.

Court of Appeals

*No. 86–0333. Submitted on briefs April 10, 1987.—Decided August 20, 1987.*

(Also reported in 415 N.W.2d 531.)

For the plaintiffs-appellants the cause was submitted on the briefs of *Joseph P. Schaeve* and *Ken Hur's Legal Clinic,* of Madison.

For the defendants-respondents the cause was submitted on the brief of *Todd Becker* and *Coyne & Neiss Law Office,* of Madison.

Before Gartzke, P.J., Dykman and Eich, JJ.

EICH, J. Mary Brueggeman appeals from a summary judgment dismissing her complaint against Riverview Boat Lines and its insurer, Continental Casualty Company. She was injured when she fell while walking on a path on property owned by Riverview when a tree root gave way under her feet. The trial court held that the hazard causing the injury was "open and obvious, and ... of purely natural origin," and absolved Riverview of all liability. We agree with that determination and affirm.

In summary judgment cases, we employ the same analysis as the trial court. We need not repeat that oft-used procedure here. *See In re Cherokee Park Plat*, 113 Wis. 2d 112, 115–16, 334 N.W.2d 580, 582–83 (Ct. App. 1983). Brueggeman's complaint states a claim for relief and Continental's answer joins the liability issue. The affidavits supporting Continental's motion establish a *prima facie* defense, and because we are satisfied that the material facts are not in dispute, summary judgment on the legal issue is appropriate.

Continental's affidavits reveal that Brueggeman's injury occurred on a path in a wooded area on Riverview's property. The well-worn path led to a body of water popular with fishermen. She fell when a tree root crossing the path "gave way" when she "planted [her] foot on [it] to go down ... a hill." There is no question that Brueggeman saw the root and intentionally placed her foot on it while descending the slope, and the record contains photographs of the root and the ground immediately surrounding it.

Brueggeman filed no opposing affidivits. She argues, however, that there are "many genuine issues of material fact" that require resolution at trial, rather than on pretrial motions. She sees the following as among the facts in dispute: "Exactly where did

Mary fall? Where was the root located? Where was the [nearby] clearing located ... ? What does the pathway actually look like, and where was it located in reference to the [nearby] clearing and root?"

It is true that even where the facts themselves are not in dispute summary judgment will not lie if those facts reasonably give rise to differing reasonable inferences. *Delmore v. American Family Mut. Ins. Co.,* 118 Wis. 2d 510, 516, 348 N.W.2d 151, 154 (1984). We see no room for such inferences here, however. It is undisputed that Brueggeman knowingly placed her foot on an exposed tree root while descending the hillside path. The root gave way and she fell. In *Waters v. U.S. Fidelity & Guaranty Co.,* 124 Wis. 2d 275, 281, 369 N.W.2d 755, 758 (Ct. App. 1985), we recognized that a landowner has "no obligation to protect [an] invitee against dangers which are known to him [or her], or which are so obvious and apparent ... that he [or she] may reasonably be expected to discover them." (Quoting W. Prosser, *The Law of Torts,* sec. 61 at 394 (4th ed. 1971).) The basis for the rule is that where the danger is open and obvious, "it may normally be expected that the visitor will protect himself [or herself]," and that under such circumstances, "placing a burden of inspecting and improving primitive land upon the owner would not be fair." *Id.* at 281, 369 N.W.2d at 758. *Waters* also noted the "traditional rule that there is no affirmative duty to remedy conditions of purely natural origin upon the owner's land, although these conditions may be highly dangerous or inconvenient to others." *Id.* at 280, 369 N.W.2d at 758.

The existence and condition of the root upon which Brueggeman stepped is no less "natural" because of its location on a well-worn footpath. This is not a case like *Treps v. Racine,* 73 Wis. 2d 611, 243 N.W.2d 520 (1976), cited by Brueggeman in her brief, where the hazard was a hole in a paved city parking lot—clearly a manmade setting. The root, not the path, was the "hazard" causing Brueggeman's injuries. Whether the root was on a path worn by others or in the midst of a forest is of no moment. It was a natural condition, open and obvious to Brueggeman, and she knowingly and intentionally trod upon it. Under these circumstances, the trial court properly decided the issue on the motion for summary judgment.

Finally, Brueggeman argues that the trial court erred in dismissing her claim under the safe place law, sec. 101.11, Stats. We reject the argument for two reasons. First, violation of the safe place law does not provide a new cause of action; it is merely a form of negligence. *Baker v. McDel Corp.,* 53 Wis. 2d 71, 79, 191 N.W.2d 846, 851 (1971). And causes of action for negligence, even when grounded on the safe place statute, must include a showing that the defendant owed a duty to the plaintiff and failed to perform it. *Baker v. Janesville Traction Co.,* 204 Wis. 452, 456, 234 N.W. 912, 913 (1931). As indicated, *Waters* stands for the proposition that Riverview owed no duty to Brueggeman with respect to the condition of the premises upon which she was injured. As a result, the safe place claim must fail. Second, for a location to qualify as a "place of employment" within the meaning of the safe place statute, a business must be

carried on there, and someone must be employed on the premises. *Barthel v. Wisconsin Electric Power Co.,* 69 Wis. 2d 446, 450, 230 N.W.2d 863, 866 (1975). There is nothing in the record on the motion to substantiate any claim that the area in which Brueggeman fell was a place of employment for purposes of the safe place statute.[1]

*By the Court.*—Judgment affirmed.

---

[1]Neither party has discussed the possible application of sec. 29.68(1), Stats. (1981–82), and we therefore do not consider the issue.