Craig S. GRIEBLER, an individual, Plaintiff-Appellant.

v.

DOUGHBOY RECREATIONAL, INC., a Delaware corporation, Nordson Corporation, formerly Domain Industries, Inc., foreign corporations, Ray Bramschreiber, an individual, Carolyn Bramschreiber, an individual, Diane C. Longsine, an individual, United Security Insurance Company, a foreign corporation and Unknown Insurance Carriers, Defendants-Respondents-Petitioners.

Supreme Court

*No. 89-0255. Argued October 30, 1990.—Decided March 21, 1991.*

(Also reported in 466 N.W.2d 897.)

548

549

For the defendants-respondents-petitioners, Dough-boy Recreational and Nordson Corporation, there was a brief by *Thomas J. Arenz, Charles H. Bohl, Jay R. Starrett* and *Frisch Dudek, Ltd.,* Milwaukee and oral argument by *Mr. Arenz.*

For the defendants-respondents-petitioners, Ray & Carolyn Bramschreiber, Diane Longsine & United Security Insurance, there was a brief by *John A. Kramer* and *Grzeca & Stanton, S.C.,* Green Bay and oral argument by *Marie Stanton.*

For the plaintiff-appellant there were briefs (in the court of appeals) by *Daniel D. Whetter* and *Boltz & Whetter,* Green Bay and oral argument by *Daniel D. Whetter.*

LOUIS J. CECI, J.   This case is before the court on petition for review of a decision of the court of appeals, *Griebler v. Doughboy Recreational,* 152 Wis. 2d 622, 449 N.W.2d 61 (Ct. App. 1989). The court of appeals reversed the judgments entered by the circuit

court for Oconto County, Robert O. Weisel, Reserve Judge. The circuit court granted summary judgment to the defendants on the grounds that the plaintiff caused his own injuries by voluntarily confronting an open and obvious danger: diving headfirst into water of unknown depth. The court of appeals held that summary judgment was improperly granted because it was not clear from the evidence in the record that as a matter of law a reasonable person in the plaintiff's position would have appreciated the gravity of the harm that could result from diving headfirst into water of unknown depth. *Griebler,* 152 Wis. 2d at 629–30.

Two issues are presented on this review. The first issue is whether the open and obvious danger defense only applies when a reasonable person in the position of the plaintiff would appreciate the gravity of the harm threatened by the open and obvious condition. The second issue is whether the plaintiff in this case, Craig S. Griebler (Griebler), confronted an open and obvious danger as a matter of law when he dove headfirst into water of unknown depth.

We hold that the open and obvious danger defense applies whenever a plaintiff voluntarily[1] confronts an open and obvious condition and a reasonable person in the position of the plaintiff would recognize the condition and the risk the condition presents. We also hold that the open and obvious danger defense applies in situ-

---

[1] The court's holding in this case does not affect the court of appeals' holdings in *Waters v. U.S. Fidelity & Guaranty Co.,* 124 Wis. 2d 275, 369 N.W.2d 755 (Ct. App. 1985), and *Maci v. State Farm Fire & Casualty Co.,* 105 Wis. 2d 710, 314 N.W.2d 914 (Ct. App. 1981), which recognized an exception to the open and obvious danger defense where the injured person was somehow distracted or where the injured person was unable to avoid the danger.

ations where a reasonable person in the position of the plaintiff would not appreciate the gravity of the harm threatened by the open and obvious condition. We further hold that Griebler confronted an open and obvious danger as a matter of law when he voluntarily dove headfirst into water of unknown depth. Accordingly, we reverse the decision of the court of appeals.

The facts of this case follow. The material facts relevant to this review are not in dispute.[2] On August 5, 1984, Griebler dove headfirst into a pool owned by defendants Ray and Carolyn Bramschreiber at a party hosted by the Bramschreibers' daughter, defendant Diane C. Longsine. Griebler hit the bottom and as a result was rendered a quadriplegic. Griebler admits that he did not know the depth of the pool when he dove into it.

Griebler commenced a personal injury action against defendants Doughboy Recreational, Inc. and Nordson Corporation (collectively Doughboy) on May 2, 1986, alleging, *inter alia,* that their predecessor corporation manufactured the pool into which Griebler dove and

[2]Griebler raises four issues of fact. First, whether he had successfully performed hundreds of shallow-water dives prior to the incident in question. Second, whether he was aware of the depth of the pool into which he dove. Third, whether he was aware of the consequences of making an improper shallow-water dive and striking the bottom of the pool. Fourth, whether he thought the water was deep enough to dive into safely. In regard to the fourth issue, Griebler admits that he did not know the depth of the water into which he dove. None of the issues of fact Griebler raises are material. Accordingly, they do not prevent this court from determining whether the defendants were entitled to summary judgment. *Brueggeman v. Continental Casualty Co.,* 141 Wis. 2d 406, 408–09, 415 N.W.2d 531 (Ct. App. 1987) (affirming a grant of summary judgment where the plaintiff raised issues of fact that were immaterial).

that they were liable in strict products liability and negligence for the injuries Griebler sustained.

After Doughboy removed the action to federal court, Griebler joined as additional defendants Ray and Carolyn Bramschreiber; Diane Longsine; their insurance carrier, United Security Insurance Company; and unknown insurance carriers (collectively the landowner defendants). The joining of the landowner defendants resulted in the loss of diversity jurisdiction, and the case was remanded to the circuit court.

Doughboy and the landowner defendants subsequently filed motions for summary judgment against Griebler, arguing that he could not recover for his injuries because he confronted an open and obvious danger by diving headfirst into water of unknown depth. In support of their motions, the defendants cited nearly twenty years of Wisconsin case law holding that plaintiffs who dive into water of unknown depth or shallow water confront an open and obvious danger. *See, e.g., Scheeler v. Bahr,* 41 Wis. 2d 473, 164 N.W.2d 310 (1969), and *Colip v. Travelers Ins. Co.,* 141 Wis. 2d 363, 415 N.W.2d 525 (Ct. App. 1987). Doughboy cited additional authority holding that manufacturers are not liable in strict products liability for open and obvious defects. *See, e.g., Arbet v. Gussarson,* 66 Wis. 2d 551, 225 N.W.2d 431 (1975).

In opposition to the motions for summary judgment, Griebler relied, in part, on deposition testimony and affidavits of his experts that most people do not appreciate the danger involved in diving headfirst into shallow water. In addition, Griebler also submitted his own affidavit attesting that he did not know prior to the incident of the danger of diving headfirst into shallow water. The deposition testimony and affidavits included exhibits allegedly showing advertisements and instruc-

tional manuals depicting Doughboy pools with diving boards. In addition, Griebler cited decisions from Wisconsin and other jurisdictions which discussed the open and obvious danger defense and when warnings are required. *See, e.g., Corbin v. Coleco Industries, Inc.,* 748 F.2d 411 (7th Cir. 1984) (applying Indiana law) (holding that on the record in front of it, diving into four feet of water is not the voluntary confrontation of an open and obvious danger), and *Wheeler v. General Tire & Rubber Co.,* 142 Wis. 2d 798, 419 N.W.2d 331 (Ct. App. 1987) (holding that tire manufacturers have a duty to warn of the danger of mismatching tires and tire rims).

The circuit court heard the defendants' motions for summary judgment on July 13, 1988. By order dated November 3, 1988, the circuit court granted summary judgment to all defendants, dismissing the complaint and amended complaints filed against the defendants. In granting the motions, the circuit court ruled that Griebler confronted an open and obvious danger by diving headfirst into water of unknown depth.

Griebler appealed from the order for judgment and judgments of the circuit court dismissing the action. Griebler argued that the circuit court abused its discretion[3] by granting summary judgment in favor of the defendants because there were disputed issues of fact.[4] In addition, Griebler argued that the case law cited by the defendants and relied upon by the circuit court was distinguishable. Griebler cited authority from other jurisdictions holding that diving into shallow water is not an

---

[3]We note that in reviewing the grant of a motion for summary judgment, all appellate courts in this state apply the standards set forth in sec. 802.08(2), Stats., in the same manner as the circuit court. *Green Spring Farms v. Kersten,* 136 Wis. 2d 304, 315, 401 N.W.2d 816 (1987).

[4]The issues of fact Griebler relied upon are set forth in n.2.

open and obvious danger. The court of appeals held that summary judgment was inappropriate because it was not clear from the record that as a matter of law a reasonable person in Griebler's position would have appreciated the gravity of the harm threatened by diving headfirst into water of unknown depth. *Griebler,* 152 Wis. 2d at 629–30.

Both Doughboy and the landowner defendants petitioned this court for review of the decision of the court of appeals, which we granted.

The first issue before this court is whether the open and obvious danger defense only applies where a reasonable person in the position of the plaintiff would appreciate the gravity of the harm threatened by the open and obvious condition. This is a question of law which we decide without deference to the court of appeals. *Ball v. District No. 4, Area Board,* 117 Wis. 2d 529, 537, 345 N.W.2d 389 (1984). The court of appeals held that the open and obvious danger[5] defense applies when either:

> (subjectively) the plaintiff actually knew of both the condition and the gravity of the harm threatened *or* . . . (objectively) a reasonable person would appreciate both the condition and the risk.

*Griebler,* 152 Wis. 2d at 628 (emphasis in original). When the court of appeals applied the defense as set forth above, it examined under the objective prong of the test whether a reasonable person in Griebler's position would have appreciated the gravity of the harm threatened by diving headfirst into water of unknown depth. *Id.* at 629–30. Thus, the court of appeals impliedly held that the "gravity of the harm" is an ele-

---

[5]The court of appeals used the term "known or obvious" instead of "open and obvious." *Griebler,* 152 Wis. 2d at 627.

ment of both the subjective and objective prong of the open and obvious danger defense.

The court of appeals misstated the law in this state. All language in the court of appeals opinion regarding the open and obvious (or known or obvious) defense is overruled. The discussion of the known danger defense (the subjective prong of the court of appeals' formulation of the open and obvious danger defense) was dicta because the defendants never contended that Griebler knew that he could become a quadriplegic by diving headfirst into water of unknown depth. Therefore, the development of a known danger test is better left for another day when a case involving a subjectively known danger is before the court.

[2]

The objective prong of the court of appeals' formulation of the open and obvious danger defense is based upon a faulty reading of the Restatement of Torts and conflicts with nearly twenty years of Wisconsin case law. In formulating its version of the open and obvious danger defense, the court of appeals relied upon sec. 343A(1) of the Restatement (Second) of Torts (1965) and comment b to that section. Section 343A(1) provides:

> A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.

Comment b to sec. 343A sets forth the following definitions applicable to the section:

> The word 'known' denotes not only knowledge of the existence of the condition or activity itself, but also appreciation of the danger it involves. Thus the condition or activity must not only be known to exist,

but it must also be recognized that it is dangerous, and the probability and gravity of the threatened harm must be appreciated. 'Obvious' means that both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising ordinary perception, intelligence, and judgment.

The definition of "obvious" contained in comment b does not include the requirement that a reasonable person in the position of the plaintiff would appreciate the gravity of the harm threatened by the open and obvious condition. The gravity of the harm requirement is only part of the definition of "known."[6] Thus, the court of appeals misinterpreted the only authority it cited to support its formulation of the open and obvious danger defense.

More importantly, the court of appeals overlooked nearly twenty years of Wisconsin law holding that diving into water of unknown depth is an open and obvious danger. *See, e.g., Scheeler,* 41 Wis. 2d 473, and *Davenport v. Gillmore,* 146 Wis. 2d 498, 431 N.W.2d 701 (Ct. App. 1988). In none of those cases did this court or the court of appeals ever state or imply that the open and obvious danger defense only applies where a reasonable person in the position of the plaintiff would recognize the gravity of the harm threatened by diving headfirst into water of unknown depth.

---

[6]If, as the concurrence contends, the only difference between "known" and "obvious" is a subjective versus an objective standard, the drafters of the Restatement (Second) of Torts, sec. 343A, would not have defined the terms with different phrases and words other than those needed to indicate a different state of mind.

Under *Scheeler, Davenport,* and sec. 343A(1) of the Restatement of Torts, the open and obvious danger defense applies where the condition and the risk would be recognized by a reasonable person in the position of the plaintiff. In diving cases such as *Scheeler, Davenport,* and the case at bar, the condition is water of unknown depth. The risk is that the person diving will hit the bottom. The type of injury that results from hitting the bottom, "the gravity of the harm," is irrelevant.

We are not persuaded by the court of appeals' distinguishing of *Scheeler* and *Davenport.* The court of appeals held that *Scheeler* did not apply because it "involved the limited duty of a licensor prior to the *Antoniewicz* decision [*Antoniewicz v. Reszczynski,* 70 Wis. 2d 836, 236 N.W.2d 1 (1975)]." *Griebler,* 152 Wis. 2d at 630 n.3. However, our holding in *Scheeler* did not depend upon the plaintiff's status as a licensee. Rather, our holding depended upon the open and obvious nature of the condition involved and was supported by cases that did not involve licensees. *Scheeler,* 41 Wis. 2d at 480.

The court of appeals distinguished *Davenport* on the grounds that it did not "discuss whether the plaintiff knew or should have known the gravity of the risk." *Griebler,* 152 Wis. 2d at 630. This point does not distinguish *Davenport* from the case at bar. Rather, it indicates that the gravity of the harm or risk is not an element of the open and obvious danger defense, because in all material respects *Davenport* and the case at bar are identical.

In *Davenport,* the plaintiff dove into water of unknown depth, hit the bottom, and as a result was rendered a paraplegic. *Davenport,* 146 Wis. 2d at 501.

The court of appeals held that the plaintiff's "running dive into mid-thigh opaque water [of unknown depth] presents a danger so open and obvious that [the defendant] is absolved of any attendant duty of ordinary care." *Id.* at 508.

Under *Scheeler* and *Davenport,* Griebler cannot recover for his injuries because he confronted an open and obvious danger by diving headfirst into a pool of unknown depth. The court of appeals appeared to adopt a rule that is contrary to our holding in *Scheeler.* We refuse to overrule *Scheeler* and *Davenport* and adopt the rule advanced by the court of appeals. Doing so would open the door to plaintiffs recovering for injuries they suffered as a result of their own unreasonable behavior.

The second issue presented by this appeal is whether Griebler confronted an open and obvious danger as a matter of law when he dove headfirst into water of unknown depth. In other words, the second issue before this court is whether the circuit court erred in granting summary judgment to the defendants. In reviewing the grant of a motion for summary judgment, this court applies the standards set forth in sec. 802.08(2), Stats., in the same manner as the circuit court. *Green Spring Farms v. Kersten,* 136 Wis. 2d 304, 315, 401 N.W.2d 816 (1987). A motion for summary judgment should be granted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Section 802.08(2).

Ordinarily, whether a condition is an open and obvious danger is a question of fact. However, in the case at bar, Griebler admits that he dove headfirst into the pool even though he did not know its depth. In so doing,

559

Griebler confronted an open and obvious danger as a matter of law under *Scheeler* and *Davenport.*

Griebler argues that we cannot conclude that, as a matter of law, diving into water of unknown depth is an open and obvious danger because thousands of people are injured by doing so every year. We disagree. The fact that many people engage in unreasonable behavior does not make the behavior reasonable. For example, courts have held that the customs of entire industries are negligent. *See, e.g., The T.J. Hooper,* 60 F.2d 737, 740 (2d Cir. 1932), *cert. denied sub nom. Eastern Transportation Co. v. Northern Barge Corp.,* 287 U.S. 662 (1932); *see generally* Prosser & Keeton, *The Law of Torts,* sec. 33 at 194–95 (5th ed. 1984). Accordingly, the circuit court properly granted summary judgment to the landowner defendants.

The circuit court also properly granted summary judgment to Doughboy because the open and obvious danger defense is available to defendants in products liability actions in this state whether the action sounds in negligence or strict products liability. *Vincer v. Esther Wms. All-Alum. S. Pool Co.,* 69 Wis. 2d 326, 332, 230 N.W.2d 794 (1975). Griebler contends that we cannot determine as a matter of law that diving into a pool of unknown depth is an open and obvious danger because his two experts claim the average consumer does not appreciate the risks of diving headfirst into water of unknown depth.

We disagree. Although expert opinion may be relevant in determining what is an open and obvious danger, the test is ultimately one of reasonableness. In *Vincer,* we held that "whether a product contains an *unreasona-*

*bly* dangerous defect depends upon the *reasonable* expectations of the ordinary consumer [and] . . . [i]f the average consumer would *reasonably* anticipate the dangerous condition of the product . . . it would not be *unreasonably* dangerous and defective." *Vincer,* 69 Wis. 2d at 332 (emphasis added).

Under our holding in *Vincer,* the expectations of ordinary or average consumers do not make a product unreasonably dangerous and defective if their expectations are unreasonable. *Scheeler* and *Davenport* stand for the proposition that it is unreasonable as a matter of law to dive headfirst into water of unknown depth.

Griebler overlooks *Vincer* and cites cases from other jurisdictions holding that diving into a pool of unknown depth is not an open and obvious danger as a matter of law. *See, e.g., Corbin,* 748 F.2d 411 (applying Indiana law) (holding that whether diving into water of unknown depth is an open and obvious danger is a question of fact for the jury to decide), and *Horen v. Coleco Industries, Inc.,* 169 Mich. App. 725, 426 N.W.2d 794 (1988) (holding that a manufacturer has a duty to warn of the risks of diving in shallow water even though the danger of doing so is open and obvious because the risks are unreasonable in light of the foreseeable injuries).

We do not find those cases to be persuasive. In *Corbin,* the plaintiff brought a negligence claim and a strict liability claim. The negligence claim was based upon the premise that many people believe there are safe ways to dive into shallow water or water of unknown depth. *Corbin,* 748 F.2d at 417–18. We have already rejected this position as a reason to overrule nearly twenty years of precedent.

The strict liability claim in *Corbin* was based upon the theory that the sides of the pool in question wobbled,

forcing a diver attempting a shallow dive to lose his balance and enter the water at a steep angle. *Id.* at 419–20. Nothing in the record suggests that Griebler lost his balance due to the condition of the sides of the pool.

*Horen* is equally unpersuasive. The *Horen* court held that a warning is required before a reasonable person would fully appreciate the risks of diving headfirst into a shallow pool or a pool of unknown depth. *Horen,* 169 Mich. App. at 731, 426 N.W.2d at 797. The *Horen* court's holding is in direct opposition to *Scheeler* and *Davenport,* which we reaffirm today.

Griebler's final argument in support of his strict products liability claim is that Doughboy's advertising and instructional material promoted diving into its pool. We decline to address this issue because it "has not been adequately briefed, and the facts have not been adequately developed to allow us to make a reasoned determination." *Shannon v. Shannon,* 150 Wis. 2d 434, 446, 442 N.W.2d 25 (1989). Accordingly, we reverse the decision of the court of appeals.

*By the Court.*—The decision of the court of appeals is reversed; the judgments of the circuit court are affirmed.

SHIRLEY S. ABRAHAMSON, J. (concurring). I join the opinion. I conclude, however, that the only difference between the words "known" and "obvious" in sec. 343A of the Restatement (Second) of Torts is that "known" adopts the subjective standard and "obvious," the objective standard.

Comment b to Restatement sec. 343A describes "known" as meaning that a person knows the condition exists, recognizes that it is dangerous, and appreciates the probability and gravity of the threatened harm. According to comment b, "obvious" means that both the

condition and the risk are apparent to a reasonable person. The phrase "condition and risk apparent to a reasonable person" means, I believe, that a reasonable person would know that the condition exists, would recognize that it is dangerous, and would appreciate the probability and gravity of the threatened harm.

I believe that Wis. JI—Civil No. 1007—Contributory Negligence Defined (1989)—properly states the law applicable to this case as follows: Every person in all situations has a duty to exercise ordinary care for his [or her] own safety. This does not mean that he [or she] is required to avoid injury; he [or she] must, however, exercise ordinary care to take precautions to avoid injury to himself [or herself] . . .. It is the duty of every person to exercise ordinary care to recognize and appreciate all dangers that are open and obvious to him [or her] or which should have been recognized and appreciated by a reasonably prudent person under the same or similar circumstances. See also Comment, Wis. JI—Civil No. 8020—Duty of Owner Or Possessor of Land to User (1988).