Carl WESTLUND and Bernadine Westlund, Plaintiffs,

and

Donna Shalala, Secretary of Department of Health and Human Services Office of General Counsel and Community Financial and Insurance Corporation, Subrogated Plaintiffs,

v.

WERNER CO. and Manufacturers Indemnity and Insurance Company of America, Defendants.

No. 95–C–907–C.

United States District Court, W.D. Wisconsin.

July 15, 1997.

Kirtt E. Godager, Coyne, Niess, Schultz, Becker & Baue, Madison, WI, for Carl Westlund, Bernadine Westlund.

Mark A. Cameli, Asst. U.S. Atty., Madison, WI, for Donna Shalala.

Donald P. O'Meara, Mitchell, Baxter, O'Meara & Mathie, Milwaukee, WI, for Community Financial and Ins. Corp.

Allen C. Schlinsog, Jr., Kravit, Gass & Weber, S.C., Milwaukee, WI, for Werner Co., Manufacturers Indem. and Ins. Co. of America.

## OPINION AND ORDER

CRABB, District Judge.

Plaintiff Carl Westlund was injured when a ladder that he was using collapsed and he fell to the ground. Westlund and his wife, Bernadine Westlund, filed this civil action against defendant Werner Co., the manufacturer of the ladder, and its insurer, Manufacturers Indemnity and Insurance Company of America, alleging that Werner Co. was negligent in designing the ladder and strictly liable for Mr. Westlund's injuries as well because the ladder was unreasonably danger-

ous. Defendants have moved for summary judgment, contending that plaintiffs are barred from recovery because the danger posed by the ladder was open and obvious. I conclude that the open and obvious danger doctrine is part of a comparative negligence analysis under Wisconsin law and that a jury rather than a court should make the negligence comparison in this case, even if it is clear that plaintiff bears considerable responsibility for his injuries. Accordingly, defendants' motion for summary judgment will be denied.

From the parties' proposed findings of fact and for the purpose of deciding this motion, I find the following facts to be undisputed.[1]

## UNDISPUTED FACTS

Plaintiffs Carl and Bernadine Westlund are citizens of the state of Wisconsin. Defendant Werner Co. is a Pennsylvania corporation with its corporate headquarters in the state of Pennsylvania. Defendant Manufacturers Indemnity Insurance Company of America is a foreign insurance company with its principal place of business in the state of Colorado. Subrogated plaintiff Donna E. Shalala is the Secretary of the United States Department of Health and Human Services, which is responsible for the Health Care Financing Administration that administers Medicare benefits. Subrogated plaintiff Community Financial and Insurance Corporation is an insurer with a place of business in the state of Wisconsin that at all times relevant to this action provided an insurance policy covering plaintiff Carl Westlund.

In the mid–1980's, plaintiff Carl Westlund purchased a model F366 Job Master II ladder designed and manufactured by defendant Werner Co. The F366 Job Master II is considered a "flip-up" ladder because it can be used as a step ladder or one side can be "flipped-up" to create a longer straight ladder. Defendant Werner Co. is the only company that manufactures this type of ladder. When the F366 Job Master II is employed as a straight ladder, its two locking clamps are

to be engaged to hold the "flipped-up" side in place. The ladder contains at least three separate labels warning users to engage the locking clamps. One warning label has a diagram showing how to engage the locks. The ladder can be collapsed in only one direction.

On August 28, 1994, plaintiff Carl Westlund placed his F366 Job Master II as a straight ladder against the side of his home to enable him to reach the roof. He had read all the warning labels and knew that he was supposed to engage the locking clamps but forgot to do so. Mr. Westlund's wife was going to steady the ladder for him, but when she left and did not return quickly, he climbed the ladder to the roof by himself. When he started to climb down, the ladder collapsed, he fell and was rendered a paraplegic.

At the time of the accident, Westlund had worked as a professional mason for over 25 years and had used a variety of ladders and scaffolds. He had used his F366 Job Master II on prior occasions as a straight ladder without engaging the locks and had not been injured. Even if the locking clamps are not engaged, the ladder may be used without collapsing if the user keeps his weight on the ladder in a normal fashion. On the day of the accident, the locking clamps on plaintiffs' ladder were in working condition.

In designing the F366 Job Master II, defendant Werner Co. considered various alternative locking mechanisms, including a spring clip that would lock automatically, but did not incorporate the spring clip because it was prone to damage and defendant did not think it had any advantages over the locking clamps. Defendant knew that the ladder could collapse if the locking clamps were not engaged but did not believe that anyone would use the ladder without engaging the clamps. Alternative automatic locking systems are available that would not change the inherent usefulness of the ladder or render it unduly expensive.

---

**1.** Neither party proposed any facts concerning this court's jurisdiction to hear the case. I have taken such facts from plaintiff's second amended complaint and will assume that they are undisputed for purposes of this motion. *See Harmon v. OKI Systems,* 115 F.3d 477 (7th Cir.1997) (finding jurisdiction although plaintiff had alleged diverse residency and not citizenship).

## OPINION

### I. *DIVERSITY JURISDICTION AND THE ERIE PRINCIPLE*

 I begin with a familiar principle: federal courts hearing cases pursuant to their diversity jurisdiction, 28 U.S.C. § 1332, must apply state substantive law, commonly that of the forum state. *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Both sides agree that Wisconsin substantive law governs the resolution of this case. Where a question of state law is unclear, a federal court must predict how the highest court of the state would decide the question today. *See Boland v. Engle,* 113 F.3d 706, 710 (7th Cir.1997); *McGeshick v. Choucair,* 72 F.3d 62, 65 (7th Cir.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 1834, 134 L.Ed.2d 937 (1996). In making that prediction, decisions of the lower state courts may be helpful. *See King v. Damiron Corp.,* 113 F.3d 93, 95 (7th Cir. 1997); *Arnold v. Metropolitan Life Ins. Co.,* 970 F.2d 360, 361 (7th Cir.1992).

### II. *OPEN AND OBVIOUS DANGER DOCTRINE*

Plaintiffs contend that defendant Werner Co. was negligent in designing the F366 Job Master II and is strictly liable for Carl Westlund's injuries because the ladder was unreasonably dangerous. Defendants counter with the argument that the danger posed by the ladder was open and obvious and that plaintiff is barred from recovery under both his claims. *See Griebler v. Doughboy Recreational, Inc.,* 160 Wis.2d 547, 560, 466 N.W.2d 897 (1991) (open and obvious danger defense applies whether action sounds in negligence or strict products liability). The resolution of defendants' motion requires a careful look at the application of the open and obvious danger doctrine in this state.

 Historically, the open and obvious danger doctrine has had two distinct meanings under Wisconsin law. *Hertelendy v. Agway Ins. Co.,* 177 Wis.2d 329, 334, 501 N.W.2d 903 (Ct.App.1993). The first has its roots in the common law doctrine that landowners are immune from liability for injuries caused to invitees by conditions or activities that present obvious dangers. *Id.* at 334–35, 501 N.W.2d 903. The theory is that a landowner owes no duty to warn or protect an invitee who should be able to protect himself from obvious dangers. The most common application of this version of the open and obvious danger doctrine has been to cases involving plaintiffs who were injured by diving into shallow water or water of unknown depth. *See Scheeler v. Bahr,* 41 Wis.2d 473, 164 N.W.2d 310 (1969) (plaintiff barred from recovery); *Wisnicky v. Fox Hills Inn & Country Club, Inc.,* 163 Wis.2d 1023, 473 N.W.2d 523 (Ct.App.1991) (same); *Davenport v. Gillmore,* 146 Wis.2d 498, 431 N.W.2d 701 (Ct.App.1988) (same); *Colip v. Travelers Ins. Co.,* 141 Wis.2d 363, 415 N.W.2d 525 (Ct.App.1987) (same). The courts have held consistently that landowners owe no duty to protect invitees from the dangers of diving into shallow water. In addition to landowner-invitee relationships, the doctrine's first embodiment has been extended to cases involving manufacturer-consumer relationships in products liability cases. *See Griebler,* 160 Wis.2d 547, 466 N.W.2d 897 (affirming summary judgment against plaintiff who had sued pool manufacturer when he was injured after diving into water of unknown depth). Thus, under the first meaning of the doctrine, a defendant has no duty to protect a plaintiff from a danger that is open or obvious. A plaintiff who is injured by an open and obvious danger cannot recover from defendant because the defendant did not breach its duty of care.

 Because the determination that a defendant owes plaintiff no duty runs contrary to the general presumption of Wisconsin negligence law that all persons owe one another a duty of care, *see A & E Invest. Corp. v. Link Builders, Inc.,* 62 Wis.2d 479, 483, 214 N.W.2d 764 (1974), the first meaning of the open and obvious doctrine has been limited to landowner-invitee or manufacturer-consumer cases. The doctrine has developed a second meaning with respect to "ordinary negligence" cases, that is, those not involving a landowner-invitee or manufacturer-consumer relationship. In ordinary negligence cases, the open and obvious danger doctrine does not absolve the defendant of its

duty to the plaintiff. Instead, a plaintiff's confrontation of an open and obvious danger is merely an element to be considered by the jury in apportioning negligence under Wisconsin's comparative negligence law, Wis. Stat. § 895.045. *See Kloes v. Eau Claire Cavalier Baseball Ass'n,* 170 Wis.2d 77, 86–87, 487 N.W.2d 77 (Ct.App.1992). When the plaintiff's disregard of an open and obvious danger shows that his negligence clearly outweighs the defendant's negligence, the court may rule as a matter of law that the plaintiff may not recover. *Hertelendy,* 177 Wis.2d at 339, 501 N.W.2d 903. However, the apportionment of negligence under Wisconsin's comparative negligence scheme is ordinarily a question for the jury. Only in rare instances may a court rule as a matter of law that the plaintiff's negligence exceeds that of the defendant's. *Huss v. Yale Materials Handling Corp.,* 196 Wis.2d 515, 534, 538 N.W.2d 630 (Ct.App.1995).

The Wisconsin Supreme Court discussed the open and obvious danger doctrine most recently in *Rockweit v. Senecal,* 197 Wis.2d 409, 541 N.W.2d 742 (1995), without making it clear whether any distinction remains between the two versions of the open and obvious danger doctrine. In *Rockweit,* the court explained that landowners owe invitees a common law duty of care and appeared to indicate that this duty would not dissipate even if the invitee confronted an open and obvious danger. *Id.* at 422–23, 541 N.W.2d 742 (holding that two previous decisions abrogated common law immunity of landowners and subsumed concept of open and obvious danger into negligence comparison). If that were the case, the open and obvious danger doctrine in landowner-invitee cases would be part of the contributory negligence analysis rather than an absolute defense. That would make the analysis the same as in "ordinary negligence" cases and would be a change from the court's historical approach to landowner-invitee cases.

However, it is not entirely clear whether the court's holding in *Rockweit* was meant to apply to landowner-invitee cases because *Rockweit* was not a landowner-invitee case. Although the court did not say explicitly that in landowner-invitee cases the open and obvi-

ous danger doctrine was part of the contributory negligence comparison, that seems to be the import of the decision.

■ Recognizing this uncertainty, I conclude nonetheless that Wisconsin courts following the *Rockweit* decision would consider the open and obvious danger doctrine in landowner-invitee cases to be part of the contributory negligence analysis just as it is in ordinary negligence cases. Similarly, because manufacturer-consumer cases have been part of the same category as landowner-invitee cases, I believe that they would be treated like ordinary negligence cases as well. The court could have made its intentions clearer in *Rockweit,* but this court is bound to predict how the state supreme court would decide the question today. There is ample indication in *Rockweit* that the supreme court would treat all open and obvious danger doctrine cases under a comparative negligence scheme rather than as an absolute defense to liability. This conclusion is bolstered by the caution exercised by the state courts of appeals in applying the open and obvious doctrine. *See Huss,* 196 Wis.2d at 535, 538 N.W.2d 630 (summary judgment on open and obvious danger doctrine should be granted in only rare cases; apportionment of negligence rests within sound discretion of jury); *Hertelendy,* 177 Wis.2d at 339, 501 N.W.2d 903 (application of open and obvious danger doctrine should not be used to resolve liability issues); *Kloes,* 170 Wis.2d at 88, 487 N.W.2d 77 (court could not say as matter of law that plaintiff's negligence was greater than defendant's). The use of the open and obvious danger doctrine as an absolute defense directly contradicts the legislature's decision to apply comparative negligence principles to tort suits. It also goes against the standard framework of Wisconsin negligence law that everyone owes a duty to one another. *See A & E Invest. Corp.,* 62 Wis.2d at 483, 214 N.W.2d 764. Moreover, the state court of appeals has treated the open and obvious danger doctrine in a products liability case under a contributory negligence analysis in at least one case already. In *Huss,* the court considered a products liability claim brought against the manufacturer of a forklift and held that whether the forklift posed an open and obvious danger when

operated without its overhead guard was "merely an element of the comparison of negligence and is not an absolute defense." 196 Wis.2d at 532, 538 N.W.2d 630.

Because I have determined that the open and obvious defense doctrine in Wisconsin is part of the contributory negligence scheme, the relevant question for purposes of the present motion is whether plaintiff Carl Westlund's negligence clearly outweighs defendants' negligence as a matter of law. Plaintiff bears responsibility for his injuries. In fact, a jury may find that he bears all or virtually all responsibility for his injuries because he forgot to engage the locking mechanisms. However, I cannot say as a matter of law that plaintiff's negligence outweighs defendant's. Defendant Werner Co. could have foreseen the risk that an individual would forget to engage the locking clamps and the ladder would collapse and lead to serious injuries. A jury might find that defendant Werner Co.'s failure to employ a different locking mechanism rendered the ladder unreasonably dangerous. Moreover, the danger that the ladder would collapse when used as a straight ladder without the clamps may not have been apparent, especially because the ladder could be used safely without the clamps in most instances. Whether plaintiffs negligence outweighs that of defendant Werner Co.'s is a question answered most appropriately by a jury.

In reality, the distinction between the absolute defense (first meaning) and contributory negligence (second meaning) approaches to the open and obvious doctrine may be much ado about nothing. Whether the court treats this question as a matter of absolving defendant's duty to plaintiff or as a matter of comparative negligence, the underlying question is really the same, namely, whether plaintiff got himself into trouble he so clearly should have foreseen that the court can say with confidence that the plaintiff does not deserve the chance to recover from the defendant. This question cannot be answered affirmatively in this case. My strong suspicion is that a jury would find plaintiff negligent for climbing the ladder without engaging the safety clamps, especially in the face of his years of experience with ladders and the numerous warning labels on the ladder. However, I believe that the final decision concerning the allocation of negligence between plaintiff and defendant is one for the jury to make.

The failure to engage locking clamps on a ladder is an unintentional mistake, unlike the ridiculous but purposeful dives into shallow water and pointing of a loaded gun at another's head in *Griebler,* 160 Wis.2d 547, 560, 466 N.W.2d 897 (dive into shallow water) and *Eichstedt v. Lakefield Arms Ltd.,* 849 F.Supp. 1287 (E.D.Wis.1994) (loaded gun). Given my conclusion that the open and obvious danger doctrine is part of the comparative negligence analysis, defendants' citations to *Delvaux v. Ford Motor Co.,* 764 F.2d 469, 474 (7th Cir.1985) and *Vincer v. Esther Williams All–Aluminum Swimming Pool Co.,* 69 Wis.2d 326, 230 N.W.2d 794 (1975), are not much help to their case. In *Delvaux,* the Seventh Circuit recognized that most questions about the openness and obviousness of a danger should be determined by a jury and not by a court. *Id.* at 474. Accordingly, defendants' motion for summary judgment will be denied.

### ORDER

IT IS ORDERED that the motion for summary judgment of defendants Werner Co. and Manufacturers Indemnity and Insurance Company of America is DENIED.